UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flsb.uscourts.gov

In re:

Aviation Safety Resources, Inc.,  Case Nos.:   6:23-bk-4639-GER
S.E., Inc.,                                    6:23-bk-4641-GER
Pioneer Aerospace Corporation,                 6:23-bk-4643-GER

Chapter 11, Subchapter V

Debtors.

*Jointly Administered under
Case No. 6:23-bk-4639-GER*

_____/

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO OBTAIN SECURED POSTPETITION FINANCING AND GRANT LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. § 364(c) AND F.R.B.P. 4001**

The United States Trustee, Mary Ida Townson ("United States Trustee"), by her undersigned counsel, objects to the Debtors' Emergency Motion for Authority to Obtain Secured Postpetition Financing and Grant Liens and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. § 364(c) and F.R.B.P. 4001 ("DIP Motion"; Doc. 19 in case 6:23-bk-04641-GER) filed by the above-captioned debtors (collectively, "Debtors"). In support of this objection, the United States Trustee states as follows.

**SUMMARY OF ARGUMENT**

The Debtors seek extraordinary relief forbidden by binding 11th Circuit precedent in favor of the Debtors' insiders without giving meaningful notice to the impacted parties. The DIP Motion should be denied because (1) impacted parties lack sufficient notice; (2) the cross-collateralization sought by the Debtors is beyond the scope of 11 U.S.C. § 364 and forbidden by binding 11th Circuit precedent; (3) the non-cross-collateralization provisions of the DIP Motion do not pass muster

1

under § 364; and (4) the extraordinary treatment sought by Debtors' insiders is in opposition with the Debtors' fiduciary duty to unsecured creditors of the estate. Even if the Court is inclined to grant the DIP Motion in part, due to their extraordinary and unauthorized nature, the cross-collateralization provisions of the proposed financing should be denied or postponed to final hearing.

## BACKGROUND

1. On November 1, 2023, the Debtors filed voluntary chapter 11, subchapter V petitions to commence their respective cases. As of the filing of this objection, no schedules have been filed by any of the Debtors in their respective cases.

2. On November 2, 2023, the Debtors filed the DIP Motion.

3. A hearing on the DIP Motion is scheduled for November 6, 2023, merely two business days after the DIP Motion was filed.

4. Through the DIP Motion, the Debtors seek to borrow $1.3 million. However, only $600,000 of this amount is new money. The remainder of this amount is a "rollup" or cross-collateralization of $700,000 in unsecured debt that was loaned to the Debtors pre-petition.

5. The Debtors seek an interim order at the hearing on November 6, 2023. The cross-collateralization provisions of the DIP financing would be fully effective upon the entry of the interim order. (Doc. No. 19 at 11, ¶ 18(n)).

6. The Debtors' $1.3 million dollar loan is conditioned on the DIP lender being entitled to a superpriority administrative expense first with priority liens on unencumbered property, and junior liens on encumbered property of the bankruptcy estate.

7. In addition to the preferential treatment for the newly lent funds, the $700,000 in unsecured pre-petition debt would be converted to secured post-petition debt with the same priority as the newly lent funds.

8.  The DIP lenders, Richard Sugden and Richard Spencer, are directors and shareholders of the Debtors. Mr. Spencer holds 11.9% of the stock in Aviation Safety Resources, Inc. (the holding company for the other two entities) and Mr. Sugden holds 35.2% of the common stock. (Id. at 7, ¶ 16).

**OBJECTIONS**

**A. Impacted Parties Lack Adequate Notice**

9.  The DIP Motion is internally inconsistent with regard to who was served notice of the motion. The Notice provision in the DIP Motion (Id. at 15, ¶ 31) states that it was served by first class mail to the Debtors, secured creditors, and Local Rule 1007-2 Parties in Interest (the 20 largest unsecured creditors). Meanwhile, the Certificate of Service (Id. at 17) certifies service only on parties receiving notice electronically by the Court's CM/ECF System. Regardless, the affected parties will not have received sufficient notice by first class mail two business days after the filing of the DIP Motion.

10.  Given the extreme nature of the relief sought, notice of the DIP Motion should be more than a legal fiction. Cross-collateralization provisions, in particular, should not be approved *ex parte*. *In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 39 (Bankr. S.D.N.Y. 1990). Granting the DIP Motion without adequate notice would conclude the rights of unsecured creditors without notice and only days into the filing of the Debtors' bankruptcy cases. The DIP Motion should not be granted until all interested parties have had a reasonable opportunity to respond to it.

**B. Cross-Collateralization is Forbidden in the Eleventh Circuit**

11. The cross-collateralization provisions of the DIP Motion are forbidden in the Eleventh Circuit under *Matter of Saybrook Mfg. Co., Inc.*, 963 F.2d 1490 (11th Cir. 1992). The Bankruptcy Code allows borrowing by debtors-in-possession under § 364 by employing a figurative

"escalator" of remedies. Where a debtor cannot borrow money on a general unsecured basis, the Court may authorize borrowing under § 364(b) as an administrative expense. If a debtor cannot borrow money under § 364(b), the Court may authorize borrowing under § 364(c) as a superpriority administrative expense, secured by a lien on property not subject to a lien, or secured by a junior lien on property of the estate that is subject to a lien. Finally, if financing under these terms is not available, under § 364(d) a debtor may grant the debtor-in-possession lender a senior lien. *See Id.* at 1495.

12.     The granting of a senior lien to new money is at the top of the figurative escalator under § 364. This provides no basis for what the Debtors seek in this case, which is a cross-collateralization of pre-petition unsecured debt to post-petition secured status. *Id.* ("By their express terms, sections 364(c) & (d) apply only to future—i.e., post-petition—extensions of credit. They do not authorize the granting of liens to secure pre-petition loans."). The Court in *Saybrook* was also very clear that a bankruptcy court cannot extend the comprehensive scheme of section 364 by resort to its general equitable powers. *Id.* at 1495. *See also Law v. Siegel*, 571 U.S. 415, 421 (2014) (finding section 105(a) of the Bankruptcy Code does not permit courts to override explicit mandates of other sections of the Bankruptcy Code). Due to binding Eleventh Circuit precedent, the cross-collateralization provisions of the proposed debtor-in-possession financing should be denied.

**C. The Non-Cross-Collateralization Provisions Do Not Pass Muster Under § 364**

13.     To move up the § 364 "escalator" of assurances for DIP lending, a debtor is required to demonstrate that anything less than what is requested is not obtainable. In this case, the Debtors do not explain what efforts, if any, were made to secure loans from non-insider parties, subject to less onerous terms. Here, the debtors are seeking DIP financing under at least § 364(c),

aside from the cross-collateralization. Despite this, the Debtors have made no effort to explain their efforts to obtain DIP financing as either an unsecured debt or an administrative expense. For this reason, the DIP Motion should be denied unless the Debtors are able to demonstrate their efforts to obtain more favorable financing.

### D. The Fiduciary Duties of the Insiders Are in Conflict with the Proposed Financing

14. The Debtors' directors have a fiduciary duty to the Debtor, and, while in bankruptcy that means that they have a fiduciary duty to the bankruptcy estate, including its unsecured creditors. While the proposed DIP financing purports to be for the benefit of the estate, it has the effect of elevating the personal interests of the Debtors' directors above the interests of the unsecured creditors of the bankruptcy estate. This is contrary the bedrock bankruptcy principle that "the interests of creditors outweigh those of stockholders when a corporation is insolvent or on the brink of insolvency." *In re Tenney Vill. Co., Inc.*, 104 B.R. 562, 569 (Bankr. D.N.H. 1989); *Cf. Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451 (2017) (holding that the priority rules of the bankruptcy code cannot be violated in a structured dismissal). This arrangement will benefit the Debtors' shareholders more than the Debtors' creditors and is a further reason why the DIP Motion should be denied.

### E. The Cross-Collateral Provisions Should Not Be Granted in the Interim Order

15. Even if the Court somehow finds that the cross-collateralization provisions are permissible despite binding Eleventh Circuit authority, final approval of the cross-collateralization provisions should be delayed until the final hearing. Bankruptcy Rule 4001(c)(2) provides a two-step process for obtaining DIP financing. At an interim or emergency hearing, the Court may grant relief only "to the extent necessary to avoid immediate and irreparable harm." Additional relief is available following a final hearing after 14 days. The DIP Motion does not conform to this

structure. By proposing to grant the cross-collateralization provisions at the preliminary hearing, the DIP Motions leaves nothing of substance to be determined at the final hearing – at least from the perspective of unsecured creditors. At the very least, the cross-collateralization provisions of the DIP Motion should be set over to the final hearing.

WHEREFORE, the Court should (1) deny the DIP Motion; (2) reschedule the interim hearing on the DIP Motion until all parties have reasonable notice; and (3) take such other actions as the Court deems necessary.

Dated:   November 5, 2023

Respectfully submitted,

Mary Ida Townson,
United States Trustee for Region 21

 /s/   Scott Bomkamp
Scott Bomkamp, Trial Attorney
Office of the United States Trustee
U.S. Department of Justice
400 W. Washington St., Suite 1100
Orlando, FL 32801
Telephone No.:   (407) 648-6069
Facsimile No.:   (407) 648-6323
Email: scott.e.bomkamp@usdoj.gov
Indiana Bar No.: 28475-49

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion has been served electronically through CM/ECF on November 5, 2023, to all parties having appeared electronically in the instant matter.

 /s/  Scott Bomkamp
Scott Bomkamp, Trial Attorney