UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flsb.uscourts.gov

In re:

| | |
|---|---|
| Aviation Safety Resources, Inc., <br> S.E., Inc., <br> Pioneer Aerospace Corporation, <br><br> Debtors. <br><br> _____/ | Case Nos.:    6:23-bk-4639-GER <br> 6:23-bk-4641-GER <br> 6:23-bk-4643-GER <br><br> Chapter 11, Subchapter V <br><br> *Jointly Administered under* <br> *Case No. 6:23-bk-4639-GER* |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THEIR ASSETS, (II) ESTABLISHING PROCEDURES FOR THE ASSUMPTION AND/OR ASSIGNMENT BY THE DEBTORS OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (III) APPROVING MINIMUM OVERBID AMOUNT AND A BREAK-UP FEE, (IV) APPROVING FORM AND MANNER OF NOTICE OF BIDDING PROCEDURES, AND (V) SETTING OBJECTION DEADLINES**

The United States Trustee, Mary Ida Townson ("United States Trustee"), by her undersigned counsel, objects to the Debtors' Emergency Motion for Entry of an Order (I) Approving Bidding Procedures in Connection with the Sale of Substantially all of their Assets, (II) Establishing Procedures for the Assumption and/or Assignment by the Debtors of Certain Executory Contracts and Unexpired Leases, (III) Approving Minimum Overbid Amount and a Break-Up Fee, (IV) Approving Form and Manner of Notice of Bidding Procedures, and (V) Setting Objection Deadlines ("Sales Motion"; Doc. 19 in case 6:23-bk-04643-GER) filed by the above-captioned debtors (collectively, "Debtors"). In support of this objection, the United States Trustee states as follows.

1

## SUMMARY OF ARGUMENT

Through a virtually *ex parte* motion, the Debtors seek to set the terms under which they will sell most of their assets without describing their marketing process or its relationship to the proposed stalking horse. The Sales Motion should be denied because (1) impacted parties have not received notice; (2) the Sales Motion does not contain any description of Debtors' marketing efforts; (3) the Sales Motion does not contain adequate information to determine that the Debtors have an arms-length relationship with the stalking horse bidder; (4) the Debtors' rejection of a collective bargaining agreement is not consistent with the protections provided to collective bargaining agreements under 11 U.S.C. § 1113; and (5) the Sales Motion does not specify whether the sale will involve the transfer of personally identifiable information, which would trigger the appointment of a consumer privacy ombudsman. At the very least, the Court should allow interested parties to receive actual notice of the Sales Motion before it is granted.

## BACKGROUND

1. On November 1, 2023, the Debtors filed voluntary chapter 11, subchapter V petitions to commence their respective cases. As of the filing of this objection, the Debtors have not filed their schedules.

2. On November 2, 2023, the Debtors filed the Sales Motion.

3. Per the certificate of service, the Sales Motion has not been served on any party except the parties on the CM/ECF list as of the filing date. (Doc. No. 15 at 17). As of the filing date of the motion, the only party who has filed a notice of appearance is the undersigned counsel for the United States Trustee.

4. A hearing on the Sales Motion is scheduled for November 6, 2023, which is two business days after the filing on the Sales Motion.

5.      Through the Sales Motion, the Debtors seek to approve the auction process by which they intend to sell substantially most of their business locations involved in the manufacture of parachutes and related products. (Id. at 3).

6.      The Sales Motion designates Paradigm Parachute and Defense, Inc. (or its designee) as the Stalking Horse Bidder with a cash offer of $2.25 million. (Id. at 3, 19, 49).

7.      The Sales Motion does not contain any information about the proposed Stalking Horse Bidder and does not discuss whether the proposed Stalking Horse Bidder has any connections, including but not limited to common ownership or management, with the Debtors.

8.      The Sales Motion sets forth an accelerated timeline for the asset sale. The contract assumption deadline is November 8, the bid deadline is November 16, the sale objection deadline is November 20, and the sale hearing is November 21. The Sales Motion also includes many other details about the sales process including overbid amounts and breakup fees. (Id. at 5).

9.      The Sales Motion does not contain any discussion regarding the Debtors' pre-petition or post-petition marketing process in connection with the sale of its assets and does not contain any additional information regarding why the Debtors determined that $2.25 million was a reasonable sales price.

10.     Under the Sales Motion, the Stalking Horse Bidder may select which executory contracts it wishes to assume and which executory contracts it wishes to exclude. The Sales Motion does not specify which contracts the Stalking Horse Bidder will exclude or assume.

11.     One of the locations that the Debtors are seeking to sell, the Mississippi Location, is, or has been subject to a collective bargaining agreement.

12. The Sales Motion specifies that customer lists and related information will be included in the transfer. The Sales Motion does not specify whether the transferred information includes personally identifiable information or whether the Debtors have a privacy policy.

## OBJECTIONS

### A. Impacted Parties Lack Adequate Notice

13. Notice of a proposed use, sale, or lease of property must be given to all creditors, among other parties under Federal Bankruptcy Rule 2002(a)(1). Although the Sales Motion is styled as a motion pertaining to sales procedures, due to the accelerated timeline and lack of marketing of the Debtors' assets, approval of the Sales Motion would tend to make the sales process under the Debtors' terms to the Stalking Horse Bidder inevitable. As such, the Court should view the Sales Motion as a substantive, and not merely a procedural, filing requiring notice to all creditors.

14. Alternatively, even if Rule 2002 is not applicable, the notice provided is inadequate under the circumstances of this case. Parties may have concerns about the apparent lack of marketing of the Debtors' assets, the accelerated timeline of the sale, the lack of information regarding the arms-length nature of the transaction, or the impact on an alleged collective bargaining agreement. As such, this Court should find that the notice given of the Sales Motion is inadequate and in effect *ex parte*.

### B. The Sales Motion does not Describe any Marketing Efforts

15. The Sales Motion does not describe the efforts, if any, the Debtors made to market their assets or otherwise describe efforts taken by the Debtors to determine their market value. Without this information, it is not possible for the Court to determine whether the proposed stalking horse bid of $2.25 million has been sufficiently tested by the market. This is concerning

particularly given that the accelerated auction process, which apparently will not be advertised, is likely to do nothing more than rubber stamp the stalking horse bid. "The principal justification for § 363(b) sales is that aggressive marketing in an active market assures that the estate will receive maximum benefit." *In re Gulf Coast Oil Corp.*, 404 B.R. 407, 424 (Bankr. S.D. Tex. 2009). As such, the Sales Motion should be denied because the pre- and post- marketing efforts of the Debtors are inadequate to assure that the Debtors' creditors are receiving the maximum benefit possible from the sale of Debtors' assets.

### C. The Sales Motion Contains no Information about the Stalking Horse Bidder

16. The Sales Motion does not contain information regarding the Stalking Horse Bidder beyond providing the name of the limited liability company. Before the Court approves bid procedures, the Debtors should explain any connections between the Stalking Horse Bidder and the Debtors, as well as provide assurances that the negotiations between the Debtors and the Stalking Horse Bidder were conducted at arm's length. This is of particular concern given the lack of notice, lack of marketing, and accelerated timeline proposed by the Debtors. In other words, the Sales Motion should be denied unless the Debtors can provide assurances to the Court that the sale is not an insider transaction intended to wash the Debtors' assets of undesirable liabilities or executory contracts. *See In re Hereford Biofuels, L.P.*, 466 B.R. 841, 860 (Bankr. N.D. Tex. 2012) (requiring debtor to show burden of good faith).

### D. The Treatment of the Collective Bargaining Agreement may Violate Section 1113

17. The Stalking Horse Bidder has yet to specify which executory contracts, or leases, it will assume, or reject. Given the Debtors' prior problems with the collective bargaining agreement, however, it is unlikely that the collective bargaining agreement would be assumed, which would amount to its functional rejection. Collective bargaining agreements are subject to

special procedural and substantive protections under 11 U.S.C. § 1113. The Sales Motion should be denied because it does not incorporate these procedural and substantive protections. Although the Sales Motion represents that the collective bargaining agreement has expired on its own terms, it is not clear that the union shares this point of view or that an expired collective bargaining agreement is a nullity. *In re Trump Entm't Resorts UNITE HERE Local 54*, 810 F.3d 161 (3d Cir. 2016) (applying § 1113 to an expired collective bargaining agreement). At the very least, the relevant union and pension administrator should receive adequate notice to present its position regarding the treatment of the collective bargaining agreement as proposed in the Sales Motion.

### E. The Sales Motion Does not Indicate Whether the Sale will Transfer PII

18. The Sales Motion specifies that the proposed transfer will involve customer lists and credit information. However, it does not specify whether the transfer contemplates the transfer of personally identifiable information and whether the Debtors have a privacy policy. This information is required to determine whether the United States Trustee is required to appoint a consumer privacy ombudsman pursuant to 11 U.S.C. § 363(b). The Sales Motion should be denied unless the Debtors provide this information.

WHEREFORE, the Court (1) should deny the Sales Motion; (2) reschedule the hearing on the Sales Motion until parties have reasonable notice; or (3) take such other actions as the Court deems necessary.

Dated:  November 5, 2023

Respectfully submitted,

Mary Ida Townson,
United States Trustee for Region 21

 /s/  Scott Bomkamp
Scott Bomkamp, Trial Attorney
Office of the United States Trustee
U.S. Department of Justice
400 W. Washington St., Suite 1100
Orlando, FL 32801
Telephone No.:  (407) 648-6069
Facsimile No.:  (407) 648-6323
Email: scott.e.bomkamp@usdoj.gov
Indiana Bar No.: 28475-49

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion has been served electronically through CM/ECF on November 5, 2023, to all parties having appeared electronically in the instant matter.

   /s/  Scott Bomkamp
Scott Bomkamp, Trial Attorney