**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re : | Chapter 11, Subchapter V |
| AVIATION SAFETY RESOURCES, INC., S.E., INC., and PIONEER AEROSPACE CORPORATION, | Case No. 6:23-bk-4639-GER<br>Case No. 6:23-bk-4641-GER<br>Case No. 6:23-bk-4643-GER |
| Debtors. | *Joint Administration Pending* |

**ZODIAC US CORPORATION'S PRELIMINARY OBJECTIONS
TO THE DEBTORS' (I) BID PROCEDURES MOTION, (II) DEBTOR-IN-POSSESSION
FINANCING MOTION, AND (III) CASH COLLATERAL MOTION**

Zodiac US Corporation ("Zodiac"), a secured creditor of the above-captioned debtors (the "Debtors") hereby objects to each of the following "emergency" motions filed by the Debtors:

(i) *Emergency Motion for Entry of an Order (I) Approving Bidding Procedures In Connection With the Sale of Substantially All of Their Assets, (II) Establishing Procedures for the Assumption and/or Assignment By the Debtors of Certain Executory Contracts and Unexpired Leases, (III) Approving Minimum Overbid Amount and a Break-Up Fee, (IV) Approving Form and Manner of Notice of Bidding Procedures, and (V) Setting Objection Deadlines* [Docket No. 15] (the "Bid Procedures Motion"),

(ii) *Emergency Motion for Authority to Obtain Postpetition Financing and Grant Liens and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. § 364(c) and F.R.B.P. 4001* [Docket No. 19] (the "DIP Financing Motion"), and

(iii) *Emergency Motion for Authority to Use Cash Collateral* [Docket No. 21] (the "Cash Collateral Motion").[1]

In support of its objections, Zodiac respectfully states as follows:

---

[1] Capitalized terms not otherwise defined herein are intended to have the meaning set forth in the referenced motions.

## Background[2]

A.  **ASR and Pioneer Owe Zodiac At Least $3.19 Million Secured By First-Priority Liens On Their Personal Property**

1.  Zodiac is the former owner of debtor Pioneer Aerospace Corporation ("Pioneer"). On or about March 23, 2022, debtor Aviation Safety Resources Inc. ("ASR") purchased Pioneer's issued and outstanding stock from Zodiac for $2,190,000.00 (the "Purchase Price") pursuant to a certain *Stock Purchase Agreement* between the parties (the "SPA").

2.  On or about April 15, 2022, ASR paid the Purchase Price by issuing a five-year secured promissory note to Zodiac (the "ASR Note"). The ASR Note is secured by a properly-perfected first priority lien and security interest in favor of Zodiac on, amongst other things, all of ASR's personal property – including the acquired stock in Pioneer – and the proceeds thereof (as defined more fully in the ASR Note, the "ASR Collateral").

3.  In addition to the ASR Note, on or about April 15, 2022, Pioneer issued a five-year secured promissory note to Zodiac in the amount of $1,000,000.00 (the "Pioneer Note") in exchange for working capital funding Zodiac provided in connection with the SPA. The Pioneer Note is secured by a properly-perfected first priority lien and security interest in favor of Zodiac on, amongst other things, all of Pioneer's personal property and the proceeds thereof (as defined more fully in the Pioneer Note, the "Pioneer Collateral"). Moreover, ASR guaranteed Pioneer's obligations under the Pioneer Note pursuant to an *Unconditional Guaranty of Payment* made by ASR on or about April 15, 2022.

---

[2] This recitation of background facts and course of dealing between the parties is intended as a summary of principal matters and is not exhaustive as to the obligations owed to Zodiac by the Debtors or the extent of the Debtors' various defaults thereunder. Any omission should not be construed as a waiver or release of any rights, claims or interests, which are instead specifically reserved.

4. The ASR Note and the Pioneer Note are subject to cross-default provisions, such that a default under the Pioneer Note is an event of default under the ASR Note (and *vice versa*). *See, e.g.,* Pioneer Note at § 9.4. The Pioneer Note required Pioneer to make annual principal and interest payments beginning May 1, 2023. Pioneer failed to make the first annual payment as required under the Pioneer Note. Consequently, on May 8, 2023, Zodiac sent a *Notice of Events of Default* notifying ASR and Pioneer of specified events of default under both the ASR Note and the Pioneer Note.

5. On May 24, 2023, Zodiac set a *Notice of Demand and Acceleration of Notes* accelerating each of the ASR and Pioneer Notes and demanding payment in the aggregate amount of $3,190,000.00 together with accrued interest at the default rate. As of the date hereof, ASR and Pioneer have failed to repay either the ASR or the Pioneer Notes, and the accelerated principal balance of a least $3.19 million plus accrued default interest and other charges remain outstanding.

### B. Pioneer's Leases of Zodiac's Mississippi and Florida Properties Terminated Pre-Petition.

6. As part of the SPA transaction, Zodiac leased two facilities to Pioneer, one located at 1 Pioneer Drive, Columbia, Mississippi (the "Mississippi Property") and one located at 8101 Opportunity Drive, Milton, Florida (the "Florida Property"). Both properties are subject to respective *Lease Agreements* between Zodiac, as landlord, and Pioneer, as tenant, dated as of April 1, 2022 (respectively, the "Mississippi Lease" and the "Florida Lease"). In addition, ASR guaranteed Pioneer's obligations under each of the Mississippi and Florida Leases pursuant to a *Guaranty* dated April 1, 2022.

7. Pioneer defaulted under both the Mississippi Lease and the Florida Lease by, amongst other things, failing to pay rent as required under the respective leases. Consequently, prior to the Petition Date, Zodiac terminated each of the Mississippi Lease and the Florida Lease

in accordance with their respective terms. Despite the undisputed termination of the leases, Pioneer continues to hold-over in the Mississippi and Florida Properties and has refused to vacate the properties. As of the date hereof, Pioneer and ASR owe Zodiac approximately (i) $670,000 in rent and other charges with respect to the Mississippi Property under the Mississippi Lease (generally, the "Mississippi Rent Arrears") and (ii) $102,000 in rent and other charges with respect to the Florida Property under the Florida Lease (generally, the "Florida Rent Arrears").

## Objection to the Bid Procedures Motion

8.  The Bid Procedures Motion seeks approval of an expedited process for the sale of substantially all of the assets of Pioneer and its affiliate debtor S.E., Inc. ("Strong" and together with Pioneer, the "Operating Debtors"). The proposed sale process includes a proposed Stalking Horse Bidder, Paradigm Parachute and Defense, Inc. ("Paradigm"), for the Operating Debtors' assets in Florida and Mississippi, and potentially other assets located in Connecticut.

9.  As a general matter, Zodiac objects to the proposed sale schedule which, even for a Subchapter V, is extremely rushed. Indeed, the proposed schedule contemplates a bid deadline slightly more than 2 weeks after the Petition Date, and then an auction, objection deadlines *and* a sale hearing within the following 3 business days (and wedged against the Thanksgiving holiday week). It is simply unreasonable to require sale and assumption objections to be due the same day as the auction – and only 14 days from the date the Bid Procedures Motion is presented – which is then to be followed *the next day* by a sale hearing.

10. This schedule is particularly acute for Zodiac as the proposed sale presumes to treat the Operating Debtors' assets at Zodiac's Mississippi and Florida Properties, including potentially through transfer of interests under the respective leases which have undisputedly terminated prior to the Petition Date. For the avoidance of doubt, Zodiac reserves all rights to object to the sale

itself on any grounds and to seek relief from the automatic stay to immediately compel Debtors to vacate the Mississippi and Florida Properties.

### Objection to the DIP Financing Motion

11. The DIP Financing Motion seeks approval of a $1,300,000.00 post-petition DIP Facility from two company insiders. Less than half of the DIP Facility – $600,000.00 – would be "new money" advances, as the Debtor propose to roll-up $700,000.00 in asserted pre-petition loans from the insider DIP Lender (the "Roll-Up Amount"). And, rather amazingly, the Debtors propose that the Roll-Up Amount be secured on a post-petition basis even though the DIP Lender's pre-petition advances were "booked as unsecured loans".[3] *See* DIP Financing Motion at ¶ 7. This type of arrangement is viewed by bankruptcy courts with skepticism generally, and should not be permitted in this case. *See, e.g., In re Stanford*, 17 F.4th 116, 127–28 (11th Cir. 2021) (Jordan, J., concurring) (noting that debtor-in-possession financing involving roll-ups and forward cross-collateralization "is due for serious substantive review.").

12. Specifically, the Debtors provide no meaningful evidence that the DIP Lender's pre-petition loans were in fact intended to be advanced on a secured basis, or that such interests were ever actually properly perfected. Notwithstanding the general skepticism regarding roll-ups of pre-petition *secured* debt, bankruptcy courts will not approve post-petition financing terms that attempt to elevate pre-petition *unsecured* debt by securing it on a post-petition basis. *See Matter of Saybrook Mfg. Co., Inc.*, 963 F.2d 1490, 1496 (11th Cir. 1992) (holding that this type of "[c]ross-collateralization is directly inconsistent with the priority scheme of the Bankruptcy Code.).

---

[3] The terms of the both the ASR Note and the Pioneer Note prohibit the Debtors from incurring any other Debt (as defined therein). *See, e.g.,* Pioneer Note at § 8.1. Accordingly, the DIP Lender's initial pre-petition loan constitutes a further event of default under the ASR and Pioneer Notes. Inasmuch as Zodiac had no notice of this impermissible Debt prior to receiving the DIP Financing Motion, Zodiac reserves all of its rights.

13. In addition, Zodiac objects to any proposed grant of liens, expenses claims, or other rights that would serve to subordinate its first-priority liens and security interests in the ASR or Pioneer Collateral. For the avoidance of doubt, Zodiac has not consented to the proposed DIP Facility (or any post-petition financing) or to any "priming" interests granted to any party.

**Objection to the Cash Collateral Motion**

14. The Cash Collateral Motion seeks authorization to use the Operating Debtors' Cash Collateral in accordance with a proposed Budget. As described above, with respect to at least Pioneer, Zodiac has a first priority lien and security interest in all of Pioneer's personal property including its Cash Collateral.

15. The Operating Debtors propose to grant Zodiac – and other purported secured creditors, post-petition replacement liens on the Operating Debtors' remaining Cash Collateral subject to a significant Carve-Out for the Debtors' professionals' fees and other administrative costs of this case. Given the Debtors' limited cash flow, this "adequate protection" is insufficient to protect Zodiac from the diminution in value of the Pioneer Collateral. Moreover, it effectively amounts to a surcharge of Zodiac's collateral to fund the administrative costs of this case. Zodiac has not consented to such use.

16. Finally, the Budget fails to include any amounts for payment to Zodiac for occupancy rent at the Mississippi or Florida Properties. In effect, the Debtors would not only have Zodiac fund the administrative costs of the Debtors' sale process, but would have Zodiac continue to bear the costs of the Debtors' hold-over occupancy at the Mississippi and Florida Properties while that process plays out.

WHEREFORE, Zodiac respectfully requests that the Court deny each of these motions, and instead enter orders sustaining these objections together with such other relief in Zodiac's favor as may be just and proper.

Respectfully submitted, this 6th day of November 2023.

        BRYAN CAVE LEIGHTON PAISNER LLP

        /s/ *Kevin Arocha*
        Kevin Arocha
        Florida Bar No. 1019330
        1201 West Peachtree Street
        14th Floor
        Atlanta, Georgia 30309
        Telephone: (404) 572-6600
        Facsimile: (404) 572-6999
        Email: kevin.arocha@bclplaw.com

        -and-

        Jarret P. Hitchings, Esq.
        (*pro hac vice* application forthcoming)
        One Wells Fargo Center, Suite 2150
        301 South College Street
        Charlotte, North Carolina, 28202
        Telephone: (704) 749-8965
        Email: jarret.hitchings@bclplaw.com

        *Counsel for Zodiac US Corporation*

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *Notice of Appearance and Request for Notices* using the Court's CM/ECF filing system, which sends a notice of this filing and an accompanying link as service on all parties who have filed notices of appearance in these cases under the Court's CM/ECF system.

Dated: November 6, 2023

**BRYAN CAVE LEIGHTON PAISNER LLP**

/s/ *Kevin Arocha*
Kevin Arocha
Florida Bar No. 1019330
1201 West Peachtree Street
14th Floor
Atlanta, Georgia 30309
Telephone: (404) 572-6600
Facsimile: (404) 572-6999
Email: kevin.arocha@bclplaw.com

*Counsel for Zodiac US Corporation*