UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11, Subchapter V |
| | |
| AVIATION SAFETY RESOURCES, INC., | Case No. 6:23-bk-4639-GER |
| S.E., INC., | Case No. 6:23-bk-4641-GER |
| PIONEER AEROSPACE CORPORATION | Case No. 6:23-bk-4643-GER |
| | |
| Debtors. | *Jointly Administered Under* |
| | *Case No. 623-bk-4639-GER* |
| _____/ | |
| | |
| S.E., INC., | Case No. 6:23-bk-4641-GER |
| PIONEER AEROSPACE CORPORATION | Case No. 6:23-bk-4643-GER |
| | |
| Applicable Debtors. | |
| _____/ | |

**NOTICE OF FILING OF THE BID PROCEDURES COOPERATION PROTOCOL**

S.E., INC. and PIONEER AEROSPACE CORPORATION, as debtors and debtors in possession, hereby give notice of the filing of the Cooperation Protocol, which is Exhibit B to the Order Granting Debtors' Emergency Motion For Entry Of An Order (I) Approving Bidding Procedures In Connection With The Sale Of Debtors' Assets; (II) Approving Overbid Amounts And Stalking Horse Expense Reimbursement; (III) Approving Form And Manner Of Notice Of Bidding Procedures; And (IV) Setting Objection Deadlines (Doc. No. 46). The Cooperation Protocol is attached hereto as **Exhibit A**.

*/s/ Daniel R. Fogarty*
Daniel R. Fogarty (FBN 0017532)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida   33602
Telephone: (813) 229-0144
Email: dfogarty@srbp.com
Attorneys for Debtor

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing notice has been furnished on November 16, 2023,

by the Court's electronic noticing system to all parties receiving electronic service and by U.S.

mail to the LBR 1007-2 parties in interest matrices.

<u>/s/ Daniel R. Fogarty</u>
Daniel R. Fogarty (FBN 0017532)

4893-0123-4321, v. 1

Label Matrix for local noticing
113A-6
Case 6:23-bk-04641-GER
Middle District of Florida
Orlando
Wed Nov 15 12:18:19 EST 2023

Aerial Delivery Solutions, LLC
3601 Commerce Blvd.
Kissimmee, FL 34741-4604

Airtech
Mittelstraße 69
Mittelstrabe 69, 33181 Bad
Wunnenberg, Germany

Aviation Safety Resource, Inc.
6448 Pinecastle Blvd., Suite 104
Orlando, FL 32809-6682

Bally Ribbon
23 N. 7th PO Box D
BALLY, PA 19503-1004

Bourdon Forge, Co., Inc.
99 Tuttle Rd
Middletown, CT 06457-1827

(p)CREDIT CONTROL  LLC
ATTN CORRESPONDENCE
3300 RIDER TRAIL S
SUITE 500
EARTH CITY MO 63045-1338

Daesung Forge
144-17 Gongdan-ro
Jain-Myeon Gyeongsan-si
Gyeongsanbuk-do, South Korea

Die - Matic Products LLC
130 Express St Engineers Hill
Plainview, NY 11803

Duke Energy
PO Box 1094
Charlotte, NC 28201-1094

Employers Preferred Insurance
26000 Cannon Rd.
Bedford, OH 44146-1807

GlobalTranz
One Glenlake Parkway Ste 700
Atlanta, GA 30328-3496

Guardian
PO Box 826486
Philadelphia, PA 19182-6486

HLC Industries
P.O. Box 1036
Charlotte, NC 28201-1036

Para-Gear Equipment Co.
3839 W. Oakton
Skoie, IL 60076-3483

Parachute Laboratories
1665 N. Lexington Ave., #106
Deland, FL 32724-2187

S.I.R. Webbing
P.O. Box 501
Hawthorne, NJ 07507-0501

(p)TFORCE FREIGHT
ATTN ANTHONY SCHRUNK
PO BOX 1216
RICHMOND VA 23218-1216

Tape Craft
P O Box 2027
Anniston, AL 36202-2027

UPS
PO Box 650116
Dallas, TX 75265-0116

United Health Care
PO Box 94017
Palatine, IL 60094-4017

Westmark Corporation
PO Box 98 42 Industrial Park Drive
Sterling, CT 06377-0098

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Credit Control LLC
Re:  Bank of America
3300 Rider Trail S., #500
Earth City, MO 63045

T-Force
1000 Semmes Avenue PO Box 1216
Richmond, VA 23218

End of Label Matrix
Mailable recipients    21
Bypassed recipients     0
Total                  21

Label Matrix for local noticing
113A-6
Case 6:23-bk-04643-GER
Middle District of Florida
Orlando
Wed Nov 15 12:18:53 EST 2023

ABB, Inc.
Attn: Real Estate Group
305 Gregson Dr.
Cary, NC 27511-6496

AT&T
P.O. Box 5019
Carol Stream, IL 60197-5019

Bluegrace Logistics
Dept. 108
Box 4964
Houston, TX 77210-4964

Bourdon Forge Co Inc
99 Tuttle Road
Middletown, CT 06457-1827

C Spire
P.O. Box 748168
Atlanta, GA 30374-8168

(p)CATERPILLAR FINANCIAL SERVICES CORPORATION
2120 WEST END AVENUE
NASHVILLE TN 37203-5341

Cistech Inc
10590 Independence
Pointe Pkwy. #202
Matthews, NC 28105

Comcast Business
P.O. Box 37601
Philadelphia, PA 19101-0601

(p)DE LAGE LANDEN FINANCIAL
ATTN LITIGATION & RECOVERY
1111 OLD EAGLE SCHOOL ROAD
WAYNE PA 19087-1453

Eagle Packaging
1075 S. Fairfield Drive
Pensacola, FL 32506-8927

HLC Industries
4 East Montgomery Ave
Bala Cynwyd, PA 19004-3300

Mississippi Power Company
P.O. Box 245
Birmingham, AL 35201-0245

National Institute for Aviation Research
Wichita State University
1845 Fairmount St.
Wichita, KS 67260-0093

National Retirement Fund
c/o Amalgamated Employee Benefits Adm
333 Westchester Ave.
White Plains, NY 10604-2938

Paradigm Parachute and Defense, Inc.
Greenspoon Marder, LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401-6306

Seko Worldwide Llc
1100 Arlington Heights Rd 600
Itasca, IL 60143-3180

Sturges Manufacturing Company Inc
2030 Sunset Ave
Utica, NY 13502-5500

Terry Service Inc
P.O. Box 1557
Ridgeland, MS 39158-1557

Town Of Bloomfield Connecticut
Attn Town Clerk
P.O. BOX 337
Bloomfield, CT 06002-0337

UPS
P.O. Box 809488
Chicago, IL 60680-9488

Xerox Corporation
PO Box 827598
Philadelphia, PA 19182-7598

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Caterpillar Financial Services
2120 West End Ave.
Nashville, TN 37203

De Lage Landen
P.O. Box 41602
Philadelphia, PA 19101-1602

End of Label Matrix
Mailable recipients    21
Bypassed recipients     0
Total                  21

Label Matrix for local noticing
113A-6
Case 6:23-bk-04639-GER
Middle District of Florida
Orlando
Wed Nov 15 12:17:41 EST 2023

Aero-News Network/AeroPReneuer
P.O. Box 831
Orange Park, FL 32067-0831

AllRed & Associates, Inc.
321 Route 5 West
P.O. Box 321
Elbridge, NY 13060-0321

Brennan Manna Diamond
75 E. Market Street
Akron, OH 44308-2010

Claggett Properties, LLC
388 Enterprise Dr.
Nicholasville, KY 40356-2299

ClearingBid, Inc.
345 Lorton AveSuite 105
Burlingame, CA 94010-4134

Delta Natural Gas Company
P.O. Box 747108
Pittsburgh, PA 15274-7105

Frost Brown Todd LLC
P.O. Box 70087
Louisville, KY 40270-0087

GAMA
1400 K Street NW, Suite 801
Washington, DC 20005-2402

Howard O. Thrall
c/o Stonebriar Strategy Group, LLC
5 Woodcreek Lane
Frisco, TX 75034-6865

Kentucky Association of Manufacturers
P.O. Box 4029
Frankfort, KY 40604-4029

Kentucky Utilities
P.O. Box 25212
Lehigh Valley, PA 18002-5212

Larry Williams
c/o Robert K. Eddy, Esq.
320 W. Kennedy Blvd., #700
Tampa, FL 33606-1459

Marcia ˜LaVanway
6582 Keigley St.
P.O. Box 143
Eau Claire MI 49111-0143

Marlin Business Bank
P.O. Box 13604
Philadelphia, PA 19101-3604

National Institute for Aviation Research
Wichita State University
1845 Fairmount St.
Wichita, KS 67260-0093

National Retirement Fund
c/o Amalgamated Employee Benefits Adm
333 Westchester Ave.
White Plains, NY 10604-2938

Nicholasville Utilities
601 N. Main St.
Nicholasville, KY 40356-1070

Paradigm Parachute and Defense, Inc.
c/o Rilyn A. Carnahan, Esq.
Greenspoon Marder, LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401-6306

Pauley Management, Inc.
P.O. Box 321316
Cocoa Beach, FL 32932-1316

Phone.com
P.O. Box 1808
Poway, CA 92074-1808

Republic Services
National Accounts
P.O. Box 78829
Phoenix, AZ 85062-8829

Spectrum
P.O. Box 1060
Carol Stream, IL 60132-1060

U.S. Small Business Administration
2 North 20th St., #320
Birmingham, AL 35203-4002

Zodiac US Corporation
c/o Kevin Arocha
Bryan Cave Leighton Paisner, LLP
1201 Peachtree St., 14th Floor
Atlanta, GA 30361-3503

End of Label Matrix
Mailable recipients    24
Bypassed recipients     0
Total                  24

## EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11, Subchapter V |
| | |
| AVIATION SAFETY RESOURCES, INC., | Case No. 6:23-bk-4639-GER |
| S.E., INC., | Case No. 6:23-bk-4641-GER |
| PIONEER AEROSPACE CORPORATION | Case No. 6:23-bk-4643-GER |
| | |
| Debtors. | *Jointly Administered Under* |
| _____/ | *Case No. 623-bk-4639-GER* |
| | |
| S.E., INC., | Case No. 6:23-bk-4641-GER |
| PIONEER AEROSPACE CORPORATION | Case No. 6:23-bk-4643-GER |
| | |
| Applicable Debtors. | |
| _____/ | |

## COOPERATION PROTOCOL

Each of the Debtors and each Stalking Horse Bidder hereby acknowledges that (x) not all assets of the Debtors located at and related to the Locations are Purchased Assets, because they may be Excluded Assets (as defined in each of the Stalking Horse APAs), assets that are comingled with other assets, not known to exist or otherwise unaccounted for by Debtors ("Additional Assets"), assets principally related to one Location that are located or present at a different Location ("Misplaced Assets"), or assets inexorably related to, associated with, or used in multiple aspects of the Business and/or at multiple Locations (e.g., e-mail servers, domain names, as applicable) (the "Shared Assets"), (y) such assets may be tangible or intangible, and may include accounts receivable or other financial assets, and (z) certain assets of the Debtors may be physically located at any of the Locations or elsewhere.

(i)       Prior to the Closing, Debtors shall attempt to identify and remove any Excluded Assets from the Locations.  Following the Closing, if a Stalking Horse Bidder (or any other Successful Bidder) identifies any Excluded Assets at a Location during the Post-Closing Period, Debtors shall cause such Excluded Assets to be removed from the Locations or abandoned.  If a Stalking Horse Bidder (or any other Successful Bidder) identifies any Excluded Assets at a Location following the Post-Closing Period, it shall take reasonable efforts to return such Excluded Assets to the Debtors (but shall not be obligated to incur any additional costs or expenses in such efforts), and if such assets are not removed within fifteen (15) days after Debtors have received notice of their presence at the Locations, such Excluded Assets shall be deemed abandoned by the Debtors.  The Stalking Horse Bidder (or such other Successful Bidder) holding such Excluded Assets shall next notify all other Stalking Horse Bidders and/or other Successful Bidder(s) of Debtors' assets and provide them with the opportunity to take possession of such Excluded Assets that have been abandoned by the Debtors within thirty (30) days after such other Stalking Horse

Bidders and/or other Successful Bidder(s) received notice of the abandonment of such Excluded Assets. If multiple Stalking Horse Bidders and/or any other Successful Bidder(s) seek to take possession of the Excluded Assets, they shall each cooperate to determine the proper disposition of such Excluded Assets among themselves, and if they are unable to do so, they may seek the intervention of the Court. If no other Stalking Horse Bidder or other Successful Bidder takes possession of any Excluded Assets abandoned by Debtors within thirty (30) days after such other Stalking Horse Bidder or other Successful Bidder(s) receive notice of the abandonment of such Excluded Assets, then the Stalking Horse Bidder (or other Successful Bidder) in possession of such Excluded Assets may remove, destroy, or take possession of such Excluded Assets in its sole discretion.

(ii)     Prior to and following the Closing, Debtors shall use good faith efforts to (but shall not be obligated to incur any additional costs or expenses in such efforts) identify and disclose to each Stalking Horse Bidder (or any other Successful Bidder) in writing any Additional Assets that are neither identified in the Stalking Horse APAs by the parties thereto as either Purchased Assets or Excluded Assets, and the Debtors shall (but shall not be obligated to incur any additional costs or expenses in such efforts) cooperate with the Connecticut Stalking Horse Bidder and the Florida/Mississippi Stalking Horse Bidder to properly allocate such Additional Assets as either an Excluded Asset or an asset principally related to one of the  Locations. If such Additional Assets are determined in writing by the Stalking Horse Bidders to be principally allocated to a Location, it shall be treated as a Purchased Asset under the applicable Stalking Horse APA subject to the terms thereof and otherwise shall be an Excluded Asset, and each of the Stalking Horse APAs, as applicable, shall be deemed to have been amended by the Parties thereto to include or exclude such Additional Assets, as applicable.

(iii)     Prior to the Closing, the Connecticut Stalking Horse Bidder and the Florida/Mississippi Stalking Horse Bidder shall use good faith efforts to identify and disclose in writing to Debtors and each other the existence of any of the Debtors' assets that it locates or identifies as a Misplaced Asset, and such Misplaced Asset shall be (i) an Excluded Asset under such Stalking Horse Bidder's Stalking Horse Bid, and (ii) a Purchased Asset under the bid of the applicable Stalking Horse Bidder for the Location with which the Misplaced Asset is principally associated. Each of the Stalking Horse APAs shall be deemed to have been amended by the Parties thereto to include or exclude such Misplaced Assets as agreed by the Stalking Horse Bidders, as applicable. Following the Closing, each of the Stalking Horse Bidders (or any other Successful Bidder) shall use good faith efforts to identify and disclose to each other in writing the existence of any assets transferred from any Debtor that it locates, identifies, receives, or comes to possess or control that is a Misplaced Asset. Each Stalking Horse Bidder (or such other Successful Bidder) shall take reasonable efforts to return such Misplaced Asset to the Stalking Horse Bidder (or such other Successful Bidder) of the Location with which such Misplaced Asset is principally associated (but the Stalking Horse Bidder (or such other Successful Bidder) locating the Misplaced Asset shall not be obligated to incur any additional costs or expenses in such efforts in doing so). If the Stalking Horse Bidder (or such other Successful Bidder) of the Location with which such Misplaced Asset is principally associated has not arranged to remove such Misplaced Asset within thirty (30) days after it received notice of its presence at another Location, such Misplaced Asset shall be deemed abandoned, and the Stalking Horse Bidder (or such other Successful Bidder) in possession of such Misplaced Asset may remove, destroy, or take possession of such Misplaced

4885-9821-3521, v. 1

Asset in its sole discretion.  For the avoidance of doubt any misdirected payments delivered to a Stalking Horse Bidder (or any other Successful Bidder) on account of a Misplaced Asset shall similarly be deemed to be a Misplaced Asset that shall be returned to the Stalking Horse Bidder (or other Successful Bidder) of the Location with which such Misplaced Asset and related payment are principally associated.

(iv)    In advance of the Closing, Debtors shall use good faith efforts to (but shall not be obligated to incur any additional costs or expenses in such efforts) identify and disclose to the Stalking Horse Bidders in writing the existence, location, and nature of any Shared Assets.  Debtors shall permit and participate in discussions among the Stalking Horse Bidders (or any other Successful Bidders), to allow them to identify and allocate ownership, use, access, and control of the Shared Assets among themselves.  Each of the Stalking Horse APAs shall be deemed to have been amended by the Parties thereto to include or exclude such Shared Assets as agreed by the Stalking Horse Bidders, as applicable.

(A)    For clarification, Shared Assets shall not include Assumed Contracts or Assumed Bids identified on part (i) of Schedule 1.1.(m); nor shall Shared Assets include any Seller Data (as defined in the Stalking Horse APAs) that can be segregated by Location).

(B)    Nothing herein shall preclude any Stalking Horse Bidder and the buyer(s) of any of the Debtors' other assets from holding joint title, rights, or interests in any Shared Assets, as may be agreed among them.

(C)    Notwithstanding any allocation of rights in a Shared Asset to a Stalking Horse Bidder (or any other Successful Bidder), such Stalking Horse Bidder (or any other Successful Bidder) may later disclaim any rights it may have in any Shared Asset at any time by delivering notice to the other Stalking Horse Bidder (or any other Successful Bidder) and shall not be obligated for any costs accruing with respect to such Shared Asset after thirty (30) days from the date of such notice.

(D)    None of the Shared Assets which are or become (pursuant hereto) Purchased Assets may be destroyed by a Stalking Horse Bidder (or any other Successful Bidder) in possession of such Shared Assets until the date that is two (2) years from the Closing Date. To the extent that any Shared Assets are or become (pursuant hereto) Excluded Assets, Debtors may destroy or abandon such Shared Assets after Closing upon not less than thirty (30) days' prior written notice to each Stalking Horse Bidder (or any other Successful Bidder(s)) unless any Stalking Horse Bidder (or any other Successful Bidder) agrees to incur or satisfy any and all costs of maintaining access to, copying, preserving, transmitting or otherwise maintaining such Shared Assets that are Excluded Assets.

(v)    The Debtors and Stalking Horse Bidders (and/or any other Successful Bidder(s)) shall mutually cooperate in good faith prior to and following the Closing to properly identify and allocate the Debtor's assets that are Purchased Assets or Excluded Assets (as such terms are defined in each of the applicable Stalking Horse APAs and the consummated Asset Purchase Agreements with Stalking Horse Bidders (or any other Successful Bidder(s))), Additional Assets,

Misplaced Assets, and Shared Assets. Each of the Debtors and Stalking Horse Bidders (and/or any other Successful Bidder(s)) shall, pursuant to this Bid Procedures Order, participate in and cooperate with the processes set forth in this Cooperation Protocol; provided, however, no party shall have any obligation to ensure that the Debtors' assets are fully located, identified, allocated, and separated pursuant thereto. Any dispute by and between or among the Stalking Horse Bidders (and/or any other Successful Bidder(s)) and Debtors (including any bankruptcy estate of any Debtors) and/or any third parties with regard to the identification, allocation and separation of the Debtor's assets shall be determined by the Bankruptcy Court.

(vi)    The identification, allocation, or re-allocation of any asset of the Debtors, whether prior to or following the Closing, as an Excluded Asset, Purchased Asset, Misplaced Asset, or Shared Asset shall not alter the purchase price under the applicable Asset Purchase Agreement among the applicable Debtor(s) and Stalking Horse Bidder (or any other Successful Bidder), unless it has been amended pursuant to the terms of the applicable Asset Purchase Agreement, and if applicable, the Sale Order.

(vii)    Each of the Stalking Horse Bidders (and/or any other Successful Bidder(s)) and Debtors (including any bankruptcy estate of any Debtors) acknowledges and agrees that any and all information of any kind obtained by any of them and any of their employees, representatives and agents in connection with the identification, allocation and separation of the Purchased Assets, Excluded Assets, Misplaced Assets, and Shared Assets as contemplated by this Cooperation Protocol shall be treated as Confidential Information as contemplated and defined in the Stalking Horse APAs, and shall be subject in all respects by all applicable restrictions on their use.

4885-9821-3521, v. 1