UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11, Subchapter V |
| AVIATION SAFETY RESOURCES, INC., | Case No. 6:23-bk-4639-GER |
| S.E., INC., | Case No. 6:23-bk-4641-GER |
| PIONEER AEROSPACE CORPORATION | Case No. 6:23-bk-4643-GER |
|     Debtors. _____/ | *Jointly Administered Under* <br> *Case No. 623-bk-4639-GER* |
| S.E., INC., | Case No. 6:23-bk-4641-GER |
| PIONEER AEROSPACE CORPORATION | Case No. 6:23-bk-4643-GER |
|     Applicable Debtors. _____/ | |

**DEBTORS' MOTION FOR AUTHORIZATION TO PAY**
**EMPLOYEE ACCRUED VACATION PAY UPON CLOSING**

**[Hearing requested on December 12, 2023]**

PIONEER AEROSPACE CORPORATION ("**Pioneer**") and S.E., Inc. d/b/a Strong Enterprises ("**Strong**"), as debtors and debtors in possession (the "**Debtors**"), respectfully request the entry of an order authorizing the Debtors to pay accrued and unpaid vacation time to the Debtors' employees up to the amount of the priority wage cap following the closing of the sales of the Debtors' assets to the respective purchasers as part of the final payroll amounts, and, in support thereof, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief requested herein are Sections 105, 363, and 503 of the Bankruptcy Code.

**Background**

2. On November 1, 2023 (the "**Petition Date**"), the Debtors filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), and made an election to proceed under Subchapter V pursuant to the Small Business Reorganization Act of 2019, as amended.

3. The Debtor and the other co-debtors manufacture, sell, and refurbish parachutes and related products for military and commercial customers in the aviation, defense, and space industries. The Debtors are a critical supplier to their customers and a key cog in the country's defense and space industry. For more information, please see the Debtors' Joint Case Management Summary.

4. As the culmination of a lengthy process that began pre-petition, the Debtors filed these cases for the purposes of completing going-concern sales of substantially all of the operating assets of Pioneer and Strong for the benefit of customers, suppliers, employees, and creditors.

5. During the case, the Debtors sought, and ultimately obtained, approval to sell assets under two separate purchase agreements. On November 22, 2023, the Court entered its Order (I) Authorizing the Sale of Substantially all of the Debtor's Assets Relating to the Connecticut Location Pursuant to 11 U.S.C. § 363, Free and Clear of all Liens, Claims and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts (Doc. No. 73), and its Order Granting Debtors' Motion for Entry of an Order Authorizing (I) The Sale Of Substantially all of Their Assets Pursuant to 11 U.S.C. § 363, Free and Clear of all Liens, Claims and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts (Doc. No. 74) (together, the "**Sale Orders**").

6. The Debtors presently are expecting to close under the Sale Orders on or around Friday, December 8, 2023. At closing of the two sales, the Debtors expect to have net proceeds well in excess of $1 million after payment or reserve for secured claims.

7. As of the Petition Date, Pioneer and Strong employed 26 and 22 individuals, respectively (collectively, the "**Employees**"). The Employees are paid on a bi-weekly basis, in arrears. On the Petition Date, the Debtors owed their respective employees for the payroll period of October 23, 2023, through November 5, 2023, payment of which was due to be paid on November 9, 2023, and which included wages incurred or accrued through the Petition Date.

8. As part of the Debtors' first-day papers, the Court previously authorized the Debtors to pay their pre-petition payroll obligations, to make the regular payroll payment due for the payroll period including the Petition Date. The Court entered an order (Doc. No. 44) granting the Wages Motion and authorized the Debtors to pay various sums for compensation, employee benefits, 401(k) contributions, and reimbursable business expenses (collectively, the "**Prepetition Employee Obligations**") owed to current employees for the payroll period of October 23, 2023, through November 5, 2023 and make the payment due on November 9, 2023, which the Debtors paid.

9. In addition to their regular hourly wages or salary compensation, employees of the Debtors receive vacation pay. Under the applicable employee handbook in place for since at least May, 2022, employees receive an annual award of vacation hours, with a limited ability to carry hours over from year to year. An excerpt from the employee handbook containing the relevant section addressing vacation pay is attached hereto as <u>**Exhibit A**</u>. Specifically, the handbook provides as follows:

> "Employees who terminate prior to July 1 are entitled to the payout of the remaining balance of their credited vacation time. Employees who terminate prior to July 1

will not receive any portion of the next lump sum vacation time credit. Employees who terminate before completing one year of service prior to July 1 shall receive a prorated balance of their unused vacation allotment. The formula for payout of unused vacation time will be one twelfth (1/12) of their unused yearly balance for each full month of service with the organization."

10. Thus, the Employees are entitled to payment of the remaining balance of their credited vacation time upon termination, provided they have completed one year of service. Each of the Employees has completed the service time.

11. The Debtors have calculated, on the basis of an assumed December 8, 2023 closing date under the Sale Orders, both (i) the pro-rated portion of the accrued vacation time attributable to the post-petition period and (ii) the pro-rated portion of the remaining accrued vacation time for the balance of the annual period beginning July 1, 2023. A schedule reflecting the amounts of accrued vacation times for each period on a per employee basis for both Pioneer and Strong is attached hereto as **Exhibit B**. As reflected in the schedule, the total post-petition accrued vacation time is $17,266.89 for Pioneer, and $7,906.86 for Strong. The total pre-petition accrued vacation time is $127,375.36 for Pioneer, and $38,212.10 for Strong. Thus, the total requested payments are $144,642.26 for Pioneer, and $46,118.96 for Strong.

12. None of the pre-petition accrued vacation pay amounts exceed the priority wage cap of $15,150.00 for any individual.

### Relief Requested

13. The Debtors request authority to pay accrued and outstanding vacation time for the Employees for the post-petition period, and for the pre-petition period up to the priority wage cap. The relief requested herein is in addition to and separate from the relief granted in the Wages Motions.

14. The relief requested herein applies to all employees of the Debtors. Although one individual, Michael Rinaldi, was appointed as the Debtors' president shortly prior to the Petition Date, the payments requested herein are applicable to all full-time employees (including Mr. Rinaldi), and the amount of the payments requested herein are in line with the payments proposed to be made to all employees.

### Grounds for Relief

15. The payment of the accrued vacation time attributable to the post-petition period is consistent with payment of administrative expenses under § 503.

16. The payment of the accrued vacation time attributable to the pre-petition period is justified by the necessity of payment doctrine, which allows for the authorization of payment of prepetition obligations where necessary to facilitate a reorganization. Payment of prepetition obligations is rooted in the common-law "necessity of payment" doctrine, which courts have consistently applied where failure to pay prepetition obligations posed a real and significant threat to a debtor's reorganization. *See Miltenberger v. Logansport Ry. Co.*, 106 U.S. 286 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of . . .[crucial] business relations"); *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (payment of claims of creditors authorized under the "necessity of payment" doctrine); *In the Matter of Penn Central Transport*, 467 F.2d 100, 102, n. 1 (3d Cir. 1972) (bankruptcy court has authority to sanction payment of claims under the "necessity of payment" doctrine for service essential to the debtor's business); and *In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989) (approving payment of certain prepetition wage, salary, medical benefit and business expense claims justified under the necessity of payment of doctrine).

17. The statutory basis for the "necessity of payment" doctrine appears in §105(a) of the Bankruptcy Code, which provides, in pertinent part:

> [t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11 U.S.C. §105(a).

18. The Bankruptcy Code prohibits paying prepetition claims without specific court authorization. However, every employee is entitled to a priority claim of up to $15,150.00 for compensation earned in the one hundred eighty (180) day period preceding the Petition Date. As stated above, the prepetition vacation pay obligations are under the priority cap set forth above as to each of the employees.

19. Retaining the Employees is critical to the successful operation and reorganization of the Debtors' businesses as the Debtors would not be able to replace these Employees without a significant disruption in its business, which would jeopardize the ability to close on the proposed sale transactions. In short, these Employees are vital to the Debtors' continued success.

20. Each of the Employees performed necessary and valuable services for the Debtors prior to the Petition Date and after the Petition Date and performed those services with the expectation that wage and benefits commitments would be honored. The failure to honor the obligations to Employees is likely to lower morale and cause concern among the Employees regarding the Debtors' intentions to honor its ongoing obligations. The Debtors cannot afford to lose the support of its Employees now.

21. In addition, the Employees depend upon their compensation packages to meet their basic living expenses, particularly given the current economic climate. Their families will suffer serious financial difficulties if the relief requested is not granted.

22. Because payment of the obligations to the Employees is absolutely crucial to the preservation and protection of the Debtors' business and, ultimately, to its successful reorganization under Chapter 11 through the closings under the Sale Orders, this Court may order such payment under the "necessity of payment" doctrine and Section 105(a) of the Bankruptcy Code and as payment of post-petition expenses. Additionally, because the payments proposed are to be paid only after the closing under the Sale Orders, and the available net sale proceeds will be more than sufficient to cover the payments proposed and provide enough funds for payment of administrative expenses and other potential priority claims, the proposed payments are in line with what will be paid at confirmation under a plan.

23. Pursuant to § 346(f) of the Bankruptcy Code, the Debtors propose to withhold or cause to be withheld from any payment to Employees those amounts required to be withheld under applicable federal, state or local tax law, and will pay such withheld amount to the appropriate governmental unit at the time and in the manner required by such tax law. Further, the Debtors requests that it be permitted to pay all costs and make all deductions incident to vacation pay obligations.

WHEREFORE, the Debtors respectfully requests that this Court enter an order granting this motion; authorizing the Debtors to pay (i) the pro-rated portion of the accrued vacation time attributable to the post-petition period and (ii) the pro-rated portion of the remaining accrued vacation time for the balance of the annual period beginning July 1, 2023 as set forth above and on the attached Exhibit B; authorizing the Debtors to withhold those amounts required to be withheld under applicable federal, state or local tax law, and pay such withheld amount to the appropriate governmental unit at the time and in the manner required by such tax law; and providing such other and further relief as is just and proper.

/s/ Daniel R. Fogarty
Daniel R. Fogarty (FBN 0017532)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida   33602
Telephone: (813) 229-0144
Email:  dfogarty@srbp.com
Attorneys for Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtors' Motion For Authorization to Pay Employee Accrued Vacation Pay Upon Closing* (Doc. No. __) has been furnished on December 4, 2023, by the Court's CM/ECF System to all parties receiving CM/ECF noticing and by U.S. mail to the LBR 1007-2 Parties in Interest list.

/s/ Daniel R. Fogarty
Daniel R. Fogarty

4884-2614-4148, v. 2

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:23-bk-04639-GER<br>Middle District of Florida<br>Orlando<br>Mon Dec  4 16:08:41 EST 2023 | Aero-News Network/AeroPReneuer<br>P.O. Box 831<br>Orange Park, FL 32067-0831 | AllRed & Associates, Inc.<br>321 Route 5 West<br>P.O. Box 321<br>Elbridge, NY 13060-0321 |
| Brennan Manna Diamond<br>75 E. Market Street<br>Akron, OH 44308-2010 | Claggett Properties, LLC<br>388 Enterprise Dr.<br>Nicholasville, KY 40356-2299 | ClearingBid, Inc.<br>345 Lorton AveSuite 105<br>Burlingame, CA 94010-4134 |
| Delta Natural Gas Company<br>P.O. Box 747108<br>Pittsburgh, PA 15274-7105 | Frost Brown Todd LLC<br>P.O. Box 70087<br>Louisville, KY 40270-0087 | GAMA<br>1400 K Street NW, Suite 801<br>Washington, DC 20005-2402 |
| Howard O. Thrall<br>c/o Stonebriar Strategy Group, LLC<br>5 Woodcreek Lane<br>Frisco, TX 75034-6865 | Kentucky Association of Manufacturers<br>P.O. Box 4029<br>Frankfort, KY 40604-4029 | Kentucky Utilities<br>P.O. Box 25212<br>Lehigh Valley, PA 18002-5212 |
| Larry Williams<br>c/o Robert K. Eddy, Esq.<br>320 W. Kennedy Blvd., #700<br>Tampa, FL 33606-1459 | Marcia ~LaVanway<br>6582 Keigley St.<br>P.O. Box 143<br>Eau Claire MI 49111-0143 | Marlin Business Bank<br>P.O. Box 13604<br>Philadelphia, PA 19101-3604 |
| National Institute for Aviation Research<br>Wichita State University<br>1845 Fairmount St.<br>Wichita, KS 67260-0093 | National Retirement Fund<br>c/o Amalgamated Employee Benefits Adm<br>333 Westchester Ave.<br>White Plains, NY 10604-2938 | Nicholasville Utilities<br>601 N. Main St.<br>Nicholasville, KY 40356-1070 |
| Paradigm Parachute and Defense, Inc.<br>c/o Rilyn A. Carnahan, Esq.<br>Greenspoon Marder, LLP<br>525 Okeechobee Blvd., Suite 900<br>West Palm Beach, FL 33401-6306 | Pauley Management, Inc.<br>P.O. Box 321316<br>Cocoa Beach, FL 32932-1316 | Phone.com<br>P.O. Box 1808<br>Poway, CA 92074-1808 |
| Republic Services<br>National Accounts<br>P.O. Box 78829<br>Phoenix, AZ 85062-8829 | Space Exploration Technologies Corp.<br>c/o ArentFox Schiff LLP<br>Attn: George Angelich<br>1301 Avenue of the Americas, 42nd Floor<br>New York, NY 10019-6040 | Space Exploration Technologies Corp.<br>c/o ArentFox Schiff LLP<br>Attn: Mary Joanne Dowd, Esq.<br>1717 K Street NW<br>Washington, DC 20006-5344 |
| Spectrum<br>P.O. Box 1060<br>Carol Stream, IL 60132-1060 | U.S. Small Business Administration<br>2 North 20th St., #320<br>Birmingham, AL 35203-4002 | Zodiac US Corporation<br>c/o Kevin Arocha<br>Bryan Cave Leighton Paisner, LLP<br>1201 Peachtree St., 14th Floor<br>Atlanta, GA 30361-3503 |

End of Label Matrix
Mailable recipients    26
Bypassed recipients     0
Total                  26

**EXHIBIT A**

- Prescription Drug Coverage
- Medical Leave
- Paid Vacation Benefits

Some of these benefits do require employee contribution.

## 18.0 Vacation Benefits

Vacation time off with pay is available to eligible employees to provide opportunities for rest, relaxation and personal pursuits. Although vacation time may have been negotiated during the hiring process, the following are some general guidelines.

A. Employees who have completed twenty five (25) years of service or more as of July 1, are allowed a minimum yearly vacation allowance of five (5) weeks with pay (25 working days).
B. Employees who have completed thirteen (13) through twenty four (24) years of service as of July 1, are allowed a minimum yearly vacation allowance of four (4) weeks with pay (20 working days).
C. Employees who have completed six (6) through twelve (12) years of service as of July 1, are allowed a minimum yearly vacation allowance of three (3) weeks with pay (15 working days).
D. Employees who have completed 1 through 5 years of service are allowed a minimum yearly vacation allowance of two (2) weeks with pay (10 working days).

Vacation eligibility will be earned between July 1 of one year and June 30 of the next year. The vacation time earned is credited in a lump sum on July 1. The vacation time earned from one July to the next must be used by the following June 30th. Employees may carry over a maximum of 40 hours into the next vacation year. Any remaining vacation time in excess of the 40 hours to be carried over will be forfeited.

Employees who terminate prior to July 1 are entitled to the payout of the remaining balance of their credited vacation time. Employees who terminate prior to July 1 will not receive any portion of the next lump sum vacation time credit. Employees who terminate before completing one year of service prior to July 1 shall receive a prorated balance of their unused vacation allotment. The formula for payout of unused vacation time will be one twelfth (1/12) of their unused yearly balance for each full month of service with the organization.

A paid holiday falling within a designated vacation period will not be counted as a vacation day.

If an employee has an illness which is of long duration and occurs during the vacation period, the time will be considered sick time and the earned paid sick leave will apply as long as the illness is substantiated by a physician. If an employee has used up all paid sick leave and wishes to utilize vacation time, Human Resources should be notified.

**Other Vacation Items:**

Employees taking vacation must make a request for leave prior to their absence. The method for vacation requests (I.E. Electronic, Email or Request for Leave Form) are up to the discretion of the employee's immediate supervisor(s). For vacations of five days or longer, requests must be submitted at least 30 days in advance. Vacation requests of five days or longer that are not submitted in the applicable timeframe may result in denial.

## 19.0  Holidays

ASR-Pioneer will grant holiday time off to all employees on the holidays listed below:

- New Year's Day (January 1)
- Martin Luther King Jr. Birthday (third Monday in January)
- President's Day (third Monday in February)
- Good Friday (Friday before Easter)
- Memorial Day (last Monday in May)
- Independence Day (July 4)
- Labor Day (first Monday in September)
- Thanksgiving (fourth Thursday in November)
- Day after Thanksgiving
- Christmas Eve (December 24)
- Christmas (December 25)

ASR-Pioneer will grant paid holiday time off to all eligible employees.  Holiday pay will be calculated based on the employee's straight-time pay rate (as of the date of the holiday) times the number of hours the employee would otherwise have worked on that day.

To be eligible for holiday pay, non-exempt employees must work the last scheduled day immediately preceding the holiday and the first scheduled day immediately following the holiday; unless the employee has an excused absence for either of those days. (I.E. An approved vacation or personal time request)

When a legal holiday falls on a Sunday, it is celebrated on the Monday following. If a legal holiday falls on a Saturday the holiday will be observed on the preceding Friday.

**EXHIBIT B**

| EMPLOYEE NAME | HOURLY RATE | 2023 Remaining Total Accrued Vacation | Adjusted Pre-petition Accrued Vacation Hours | Adjusted Pre-petition Vacation Disbursement | Adjusted Post-petition Accrued Vacation Hours | Adjusted Post-petition Vacation Disbursement |
|---|---|---|---|---|---|---|
|  | 17.5 | 0.00 | 0.00 | $0.00 | 0.00 | $0.00 |
|  | 38.55 | 104.00 | 80.92 | $3,119.58 | 23.08 | $889.62 |
|  | 42.74 | 188.00 | 164.92 | $7,048.81 | 23.08 | $986.31 |
|  | 47.53 | 190.00 | 171.54 | $8,153.22 | 18.46 | $877.48 |
|  | 25.00 | 10.00 | 0.77 | $19.23 | 9.23 | $230.77 |
|  | 37.14 | 200.00 | 181.54 | $6,742.25 | 18.46 | $685.65 |
|  | 25.8 | 152.00 | 138.15 | $3,564.37 | 13.85 | $357.23 |
|  | 19.55 | 8.00 | 0.00 | $0.00 | 8.00 | $156.40 |
|  | 17.65 | 150.00 | 131.54 | $2,321.65 | 18.46 | $325.85 |
|  | 36.06 | 110.00 | 91.54 | $3,300.88 | 18.46 | $665.72 |
|  | 21.36 | 180.00 | 161.54 | $3,450.46 | 18.46 | $394.34 |
|  | 32.83 | 106.00 | 87.54 | $2,873.89 | 18.46 | $606.09 |
|  | 89.9 | 200.00 | 176.92 | $15,905.38 | 23.08 | $2,074.62 |
|  | 46.49 | 118.00 | 99.54 | $4,627.54 | 18.46 | $858.28 |
|  | 62.01 | 200.00 | 181.54 | $11,257.20 | 18.46 | $1,144.80 |
|  | 18.52 | 174.00 | 150.92 | $2,795.10 | 23.08 | $427.38 |
|  | 28.46 | 144.00 | 125.54 | $3,572.82 | 18.46 | $525.42 |
|  | 49.25 | 192.00 | 168.92 | $8,319.46 | 23.08 | $1,136.54 |
|  | 31.25 | 136.00 | 117.54 | $3,673.08 | 18.46 | $576.92 |
|  | 17.69 | 128.00 | 109.54 | $1,937.74 | 18.46 | $326.58 |
|  | 17.43 | 20.25 | 11.02 | $192.07 | 9.23 | $160.89 |
|  | 52.93 | 160.00 | 141.54 | $7,491.63 | 18.46 | $977.17 |
|  | 24.13 | 163.75 | 145.29 | $3,505.81 | 18.46 | $445.48 |
|  | 17.66 | 118.75 | 109.52 | $1,934.11 | 9.23 | $163.02 |
|  | 60.51 | 240.00 | 216.92 | $13,126.02 | 23.08 | $1,396.38 |

| | 47.56 | 196.00 | 177.54 | $8,443.06 | 18.46 | $877.96 |
| --- | --- | --- | --- | --- | --- | --- |
| | | | 3142.29 | $127,375.36 | 446.46 | $17,266.89 |

| NAME | HOURLY RATE | 2023 Remaining Total Accrued Vacation | Adjusted Pre-petition Accrued Vacation Hours | Adjusted Pre-petition Vacation Disbursement | Adjusted Post-petition Accrued Vacation Hours | Adjusted Post-petition Vacation Disbursement |
|---|---|---|---|---|---|---|
| ■ | $ 18.00 | 125.05 | 115.82 | $2,084.75 | 9.23 | $166.15 |
| ■ | $ 23.50 | 30.00 | 6.92 | $162.69 | 23.08 | $542.31 |
| ■ | $ 17.50 | 0.00 | 0.00 | $0.00 | 0.00 | $0.00 |
| ■ | $ 19.00 | 50.00 | 31.54 | $599.23 | 18.46 | $350.77 |
| ■ | $ 21.00 | 90.00 | 76.15 | $1,599.23 | 13.85 | $290.77 |
| ■ | $ 33.75 | 31.10 | 17.25 | $582.32 | 13.85 | $467.31 |
| ■ | $ 17.50 | 127.34 | 108.88 | $1,905.37 | 18.46 | $323.08 |
| ■ | $ 16.50 | 136.40 | 117.94 | $1,945.98 | 18.46 | $304.62 |
| ■ | $ 33.90 | 123.00 | 99.92 | $3,387.39 | 23.08 | $782.31 |
| ■ | $ 43.48 | 100.00 | 86.15 | $3,745.97 | 13.85 | $602.03 |
| ■ | $ 15.00 | 32.90 | 23.67 | $355.04 | 9.23 | $138.46 |
| ■ | $ 22.50 | 99.36 | 80.90 | $1,820.22 | 18.46 | $415.38 |
| ■ | $ 16.00 | 0.00 | 0.00 | $0.00 | 0.00 | $0.00 |
| ■ | $ 15.00 | 40.00 | 35.38 | $530.77 | 4.62 | $69.23 |
| ■ | $ 14.00 | 40.00 | 35.38 | $495.38 | 4.62 | $64.62 |
| ■ | $ 18.00 | 75.50 | 57.04 | $1,026.69 | 18.46 | $332.31 |
| ■ | $ 15.00 | 58.00 | 44.15 | $662.31 | 13.85 | $207.69 |
| ■ | $ 82.69 | 200.00 | 176.92 | $14,630.21 | 23.08 | $1,908.29 |

| | | | | | | |
|---|---|---|---|---|---|---|
| ▮ | $ 15.00 | 8.00 | 0.00 | $0.00 | 8.00 | $120.00 |
| ▮ | $ 14.00 | 40.00 | 30.77 | $430.77 | 9.23 | $129.23 |
| ▮ | $ 21.50 | 105.12 | 82.04 | $1,763.93 | 23.08 | $496.15 |
| ▮ | $ 17.00 | 40.00 | 28.46 | $483.85 | 11.54 | $196.15 |
| Totals | | | 1255.31 | $38,212.10 | 296.46 | $7,906.86 |