UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                                                    Chapter 11, Subchapter V

AVIATION SAFETY RESOURCES, INC.,                  Case No. 6:23-bk-4639-GER
S.E., INC.,                                                               Case No. 6:23-bk-4641-GER
PIONEER AEROSPACE CORPORATION          Case No. 6:23-bk-4643-GER

    Debtors.                                                  *Jointly Administered Under*
_____/                   *Case No. 6:23-bk-4639-GER*


## PRE-STATUS CONFERENCE REPORT

**PLEASE TAKE NOTICE** that AVIATION SAFETY RESOURCES, INC. ("**ASR**"), S.E., INC. d/b/a Strong Enterprises ("**Strong**") and PIONEER AEROSPACE CORPORATION d/b/a ASR-Pioneer ("**Pioneer**") (collectively, the "**Debtors**"), are proceeding under subchapter V of chapter 11 of Title 11 of the United States Code ("**Bankruptcy Code**").[1] The Debtors are filing this Status Report pursuant to 11 U.S.C. § 1188(c).[2]

**1.**    **The Plan:**

    1.1    What type of plan will the Debtors propose?

        ☐    Consensual (i.e., with agreement or consent of creditors and other interested parties)
        ☐    Nonconsensual[3]
        ☒    Undetermined

    1.2    Explain why the Debtors expect the plan to be consensual or nonconsensual, or the reason why it is undetermined at this time:

        The Debtors and their professionals have been focused on consummating and closing on the transactions approved by the Court in the Order (I) Authorizing the Sale of Substantially all of the Debtor's Assets Relating to the Connecticut Location Pursuant to 11 U.S.C. § 363, Free and Clear of all Liens, Claims and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts (Doc. No. 73), and its Order Granting Debtors' Motion for Entry of an Order Authorizing (I) The

---

[1] Subchapter V of chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020. All references to "Section" or "§" are to the Bankruptcy Code or 11 U.S.C.

[2] "Not later than 14 days before the date of the status conference under subsection (a), the debtor shall file with the court and serve on the trustee and all parties in interest a report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization." 11 U.S.C. § 1188(c).

[3] The term "nonconsensual plan" for purposes of this Status Report means a plan confirmed under § 1191(b).

Sale Of Substantially all of Their Assets Pursuant to 11 U.S.C. § 363, Free and Clear of all Liens, Claims and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts (Doc. No. 74) (together, the "**Sale Orders**"). Under the Sale Orders, as part of closing a portion of the proceeds will be escrowed subject to the asserted liens of Zodiac US Corporation ("Zodiac"). The Debtors have had preliminary settlement discussions Zodiac, which the Debtors intend to reengage on following the closing. The Debtors further intend to engage with unsecured creditors following the closing and the passage of the bar date with respect to plan treatment.

1.3   Will the Debtors file the plan within the deadline of 90 days from the petition date imposed by § 1189(b)?

☒   Yes
☐   No

If "No," explain why, and state when the Debtor will file his plan:

1.4   Please summarize the basic nature of the plan:

The Debtors currently anticipate filing a plan that will provide for the post-closing liquidation of the Debtors and resolution of claims and causes of action, consistent with the Sale Orders.

## 2.   Efforts Toward Consensual Plan:[4]

2.1   Describe the efforts the Debtors have taken so far to obtain the consent of creditors for a consensual plan:

The Debtors have engaged in preliminary plan negotiations with certain creditors. The Debtors intend to continue plan negotiations following the closings under the Sale Orders. If the Debtors are unable to obtain the support of creditors, the Debtors will proceed to confirm the plan under Section 1191(b).

2.2   Describe the efforts the Debtors will take in the future to obtain the consent of creditors for a consensual plan:

The Debtors intend to continue plan negotiations with creditors and the Subchapter V Trustee with the hope of filing and confirming a consensual plan.

---

[4] This Status Report does not ask the Debtors to disclose any confidential, secret, and/or privileged information. *See generally* 11 U.S.C. § 1188(c). Please govern your responses accordingly.

2.3 Describe the efforts that Debtors have taken so far to reach out to creditors and other parties in interest about a plan, and if none, explain the Debtors' reasons for not reaching out to creditors and parties in interest about a plan:

The Debtors officer and professionals have been completely occupied in working towards closing under the Sale Orders, and have not yet focused on a plan to be filed following the closing.

2.4 Identify the parties with whom the Debtors have discussed a plan? Select all that apply:

- ☒ Secured creditors
- ☐ Priority creditors
- ☒ Unsecured creditors
- ☐ Equity interest holders
- ☒ The subchapter V trustee
- ☒ Others (describe: DIP Lender)

**3. Appointment of Committees and Disclosure Statement:**

3.1 In the Debtors' view, is there any "cause" for the Court to order the appointment of a committee of creditors pursuant to § 1181(b) and § 1102(b)?

- ☐ Yes
- ☒ No

Explain your answer:

The Bankruptcy Code does not define cause for the appointment of a committee of creditors. The undersigned is aware of only one Subchapter V case where a committee was appointed for cause. That case was a Delaware case involving a large number of claimants and hundreds of millions in claims, which did count for purposes of the debt limitation.

The Debtors submit that appointment of a committee is unwarranted because it: (1) will substantially increase the administrative expenses in the cases reducing any recovery for unsecured creditors; (2) will substantially delay the expeditious administration of the cases, particularly in light of the Sale Orders; and (3) be duplicative of the roles of the Subchapter V Trustee, the United States Trustee, and other creditors and parties in interest.

3.2 In the Debtors' view, is there any "cause" for the Court to order the filing of a separate disclosure statement pursuant to § 1181(b) and § 1125?

☐     Yes
☒     No

Explain your answer:

Section 1190 of the Bankruptcy Code requires the Debtors to file a plan that includes a brief history of the business operations of the Debtors, a liquidation analysis, and projections, to the extent necessary and applicable, with respect to the Debtors' ability to make the payments called for under the proposed plan. The Debtors intend to file a plan that complies with Section 1190 of the Bankruptcy Code. The Debtors submit that such a plan, coupled with other disclosure and reporting requirements in the bankruptcy cases provide sufficient information for creditors.

**4.**     **Reporting Compliance:**

    4.1     Have the Debtors filed all the documents required under § 1187(a)?[5]

☒     Yes
☐     No

If "No," identify the documents that were required to be filed[6] but were not:

☐     (a) the Debtor's most recent balance sheet

☐     (b) the most recent statement of the Debtor's operations

☐     (c) the Debtor's most recent cash-flow statement

☐     (d) the Debtor's most recent Federal income tax return

Have the Debtors filed a statement under penalty of perjury that the Debtors have not prepared a balance sheet, statement of operations, and/or cash-flow statement and/or that Debtors have not filed their Federal income tax returns as required by § 1116(1)(B)?

☐     Yes
☐     No
☒     Not applicable

---

[5] The filing of this Status Report does not relieve the Debtor of the requirements of 11 U.S.C. § 1187(a) and § 1116(1)(A) to append the required documents to the bankruptcy petition.
[6] Section 1116(1) requires these documents to be "append[ed] to the voluntary petition."

If "Yes," identify each unprepared or unfiled document, and explain why the document was not prepared or filed and how the Debtor intends to prepare or file the document:

4.2   Have the Debtors filed all Small Business Monthly Operating Reports (Official Form B 425C) ("**MORs**") as required under § 308?

☐   Yes
☒   No – the first MOR is not due yet, but will be filed this month for November 2023.

If "No," or if portions of the MORs are deficient, identify which portions are deficient or not reported fully:

☐   (a) Reports regarding Debtor's profitability

☐   (b) Reports regarding reasonable approximations of projected cash receipts and disbursements over a reasonable period

☐   (c) Reports regarding comparisons of actual cash receipts and disbursements with projections in prior reports

☐   (d) Reports regarding whether the Debtor is (i) in compliance in all material respects with postpetition requirements imposed by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and (ii) timely filing tax returns and other required government filings and paying taxes and other administrative expenses when due

☐   (e) Reports regarding Debtor's failure to make either of the reports in the immediately preceding paragraph (d) (as required by § 308(b)(5))

☐   (f) Reports regarding such other matters as are in the best interests of the Debtor and creditors, and in the public interest in fair and efficient procedures under chapter 11

For any deficiencies in the MORs, identify each specific portion that is deficient, and explain why it is deficient and how Debtor intends to correct the deficiency:

4.3   Have the Debtors complied with the reporting requirements of § 704(a)(8)?[7]

☒   Yes
☐   No

---

[7] If payments are made to employees, the subchapter V debtor in possession is also required to include in its § 704(a)(8) reporting "a statement . . . of the amounts of deductions for all taxes required to be withheld or paid for and in behalf of employees and the place where these amounts are deposited." Fed. R. Bankr. P. 2015(a)(3), made applicable to subchapter V debtors in possession via 11 U.S.C. § 1187(b); § 1116(4); Fed. R. Bankr. P. 2015(b) (2019 interim).

If "No," explain why and when the Debtor intends to comply:

**5.      Other Code Compliance:**

5.1    Did the Debtors attend the initial debtor interview, the § 341(a) meeting of creditors, and otherwise comply with § 1116(2)?

☒    Yes
☐    No

If "No," explain why and when the Debtor intends to comply with these requirements:

5.2    Have the Debtors filed all schedules and statements of financial affairs, or otherwise complied with exceptions or extensions in § 1116(3)?

☒    Yes
☐    No

If "No," explain why and when the Debtor intends to comply with these requirements:

5.3    Have the Debtors maintained insurance customary and appropriate to the industry, subject to § 363(c)(2), in compliance with § 1116(5)?

☒    Yes
☐    No

If "No," explain why and when the Debtor intends to comply with this requirement:

5.4    Have the Debtors timely filed tax returns and other governmental filings with the appropriate governmental entities, and paid all taxes entitled to administrative expense priority required to be paid under § 1116(6)?

☒    Yes
☐    No

If "No," explain why the Debtor has not timely filed tax returns and other governmental filings or paid all required administrative expense priority taxes and when the Debtor intends to comply with these requirements:

5.5 Have the Debtors allowed the United States Trustee to inspect the Debtors' premises, books, and records, and otherwise complied with § 1116(7)?

☐ Yes
☒ No

If "No," explain why and when the Debtor intends to comply with this requirement:

The United States Trustee has not made any such request.

**6. Cash Collateral:**

6.1 Does any entity assert that any property of the bankruptcy estates constitutes its cash collateral?

☒ Yes
☐ No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

Zodiac US Corporation, as to Pioneer, the U.S. Small Business Administration, as to Strong, and the DIP Lender as to both of the Debtors who are operating and have cash collateral. See, e.g., the cash collateral motion (Doc. No. 21) and interim orders (Doc. Nos. 45, 78).

6.2 Are the Debtors currently using, selling, and/or leasing any property of the bankruptcy estate that any entity contends is its cash collateral?

☒ Yes
☐ No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

See above.

6.3 Since the filing of this bankruptcy cases, have the Debtors used, sold, and/or leased any property of the bankruptcy estate that an entity contends is its cash collateral?

☒ Yes
☐ No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

See above.

6.4   Has the Court approved any orders authorizing the use of cash collateral?

☒   Yes
☐   No

6.5   Has every entity having any interest in cash collateral that is property of the bankruptcy estates consented to its use?

☐   Yes
☒   No.  See above regarding cash collateral interim orders.
☐   Not applicable

**7.   "First Day" Motions:**

7.1   Have the Debtors filed any of the following "first day" motions, if applicable:

☒   Cash collateral
☒   DIP financing
☒   Prepetition non-insider wage payments
☒   Cash management authority (filed or to be filed)
☐   Utilities
☐   Limit notice
☒   Joint administration
☐   Critical vendor
☒   Others:  Prepetition Wages, Bid Procedures Motion, Sale Motion.

7.2   Do prepetition plan support agreements exist?

☐   Yes
☒   No

If "Yes," attach copies to this Status Report.

**8.   Additional Information:**

8.1   What additional information would the Debtors like to disclose to the Court concerning this chapter 11 case or the plan (e.g., executory contracts or unexpired leases, setting or extending bar date for proofs of claims or interests, sale or surrender of real and/or personal property)?

4878-5921-9605, v. 1

- 9 -

Dated: December 7, 2023

/s/ *Daniel R. Fogarty*
Daniel R. Fogarty (FBN 0017532)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida   33602
Telephone: (813) 229-0144
Email:  dfogarty@srbp.com
Attorneys for Debtors

4878-5921-9605, v. 1