UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11, Subchapter V |
| AVIATION SAFETY RESOURCES, INC., | Case No. 6:23-bk-4639-GER |
| S.E., INC., | Case No. 6:23-bk-4641-GER |
| PIONEER AEROSPACE CORPORATION | Case No. 6:23-bk-4643-GER |
| Debtors._____/ | Jointly Administered Under Case No. 623-bk-4639-GER |

**DEBTORS' MOTION FOR AUTHORITY TO
MAINTAIN PREPETITION BANK ACCOUNTS FOR LIMITED PURPOSES**

AVIATION SAFETY RESOURCES, INC. ("**ASR**") PIONEER AEROSPACE CORPORATION D/B/A ASR-PIONEER ("**Pioneer**") and S.E., INC. D/B/A STRONG ENTERPRISES ("**Strong**") (collectively, the "**Debtors**"), by and through their undersigned counsel, respectfully request the entry of an order authorizing the Debtors to maintain their prepetition bank accounts on a limited basis for purposes of utilizing the accounts as in-coming accounts, to be swept into the Debtors opened debtor-in-possession bank accounts. In support of this motion, the Debtors respectfully represent as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105, 345, 363, 1107, and 1108 (the "**Bankruptcy Code**"), and Local Bankruptcy Rule 2081-1(g)(4).

**Background**

3.　　On November 1, 2023 (the "**Petition Date**"), the Debtors filed their Voluntary Petitions for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

4.　　Pioneer Aerospace is a recognized leader in the design and manufacture of state-of-the-art aerodynamic deceleration systems. These systems support specialized tactical, personnel, cargo, humanitarian, weapons, and space exploration programs. Additionally, Pioneer operates Airlift Technologies International, based in Milton, Florida, a manufacturing, and engineering company that specializes in the design and production of aerial delivery systems, airdrop qualification testing, airdrop load design, systems related logistic support, and complete and comprehensive training of all ground and air crew personnel involved in cargo airdrops. Strong manufactures parachutes and related products for both military solutions and commercial customers. Both Pioneer and Strong are wholly owned subsidiaries of ASR. For more information, please see the Debtors' Joint Case Management Summary.

5.　　During the case, the Debtors sought, and ultimately obtained, approval to sell assets under two separate purchase agreements. On November 22, 2023, the Court entered its Order (I) Authorizing the Sale of Substantially all of the Debtor's Assets Relating to the Connecticut Location Pursuant to 11 U.S.C. § 363, Free and Clear of all Liens, Claims and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts (Doc. No. 73), and its Order Granting Debtors' Motion for Entry of an Order Authorizing (I) The Sale Of Substantially all of Their Assets Pursuant to 11 U.S.C. § 363, Free and Clear of all Liens, Claims and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts (Doc. No.

74) (together, the "**Sale Orders**"). The total combined purchase prices under the Sale Orders is $4,450,000.00.

6.     The Debtors closed under the Sale Orders on Friday, December 8, 2023. At closing of the two sales, the Debtors have net proceeds well in excess of $1 million after payment or reserve for secured claims.

## Relief Requested

7.     As of the Petition Date, the Debtors maintained the bank accounts identified on **Schedule A** to this Motion (the "**Pre-Petition Bank Accounts**"). The institution at which ASR and Pioneer maintain certain of their Pre-Petition Bank Accounts (Community Trust Bank, Inc.) is an authorized depository approved by the U.S. Trustee's Office, but not in Region 21.

8.     The Debtors[1] have opened debtor-in-possession accounts (the "**DIP Accounts**") at East West Bank, a depository institution approved by the U.S. Trustee's Office. Although the Debtors initially had difficulties opening a DIP account at an approved depository institution given their existing banking relationships and the multiple locations, the DIP Accounts have been open since November 16, 2023, and proof of the opening has been provided to the US Trustee. Getting full access to those accounts has been further delayed, but has been accomplished the week ending December 8, 2023.

9.     The Debtors' principal revenue is derived largely through wire transfer receipts, ACH payments, or from credit card sales. Through experience, the Debtors understand that transferring the credit card sales to another bank account takes significant time, and that updating ACH and wire instructions with large customer institutions can take significant time, jeopardizing payments being received in a timely manner.

---

[1] As of the Petition Date, ASR was a non-operating holding company, and is not receiving payments into its bank accounts.

10. Additionally, due to the timing of these cases, including the Debtors' efforts to sell assets consistent with the timeline outlined in the bid procedures and sale motions filed in this case, and approved by the Court in the Sale Orders, redirecting payments to the DIP Accounts, given the timing, will likely be effective after the closing occurs. Finally, the Debtors are selling assets including accounts receivable, and to the extent that a payment is received post-closing for an asset that is sold, the Debtors need to be able to receive such payment efficiently in order to turn over the asset to the applicable purchaser.

11. Extensive legal authority supports the limited relief the Debtors seek in this motion. In other Chapter 11 cases, courts have recognized that strict enforcement of bank account closing requirements imposed by the United States Trustee does not always serve the purposes of Chapter 11. Courts have often replaced these requirements with alternative procedures. *E.g., In re Charter Corp.*, 778 F.2d 617, 621 (11th Cir. 1985) (recognizing that the cash management orders "merely authorized the debtor to utilize a routine cash management system 'as has been usual and customary in the past.' This is entirely consistent with the statute, which allows a debtor in possession to 'use property of the estate in the ordinary course of business without notice or a hearing'"). And, the procedure is contemplated in the local rules.

12. The Debtors propose to use the following procedures with respect to the Pre-Petition Bank Accounts and the DIP Accounts:

    a. The Pre-Petition Bank Accounts will remain open to collect accounts receivable, and to make disbursements through closing under the Sale Orders. No disbursements will be made after December 8, 2023, except for (i) the payroll payments, and (ii) the sold receivables proceeds, both as discussed below. The funds in the Pre-Petition Bank Accounts will be swept into the DIP Accounts on a regular basis, not less frequently than weekly.

    b. The net proceeds from the closing under the Sale Orders shall be deposited into the DIP Accounts, and shall not be deposited into the Pre-Petition Bank Accounts.

    c.    The final payment(s) for payroll related obligations will be paid by ACH through the Debtors' existing payroll processing company, and will be paid from the Pre-Petition Bank Accounts. Before the payment is processed, the Debtors, respectively, will transfer from their respective DIP Accounts to the applicable Pre-Petition Bank Accounts sufficient funds to cover the payroll obligations being paid.

    d.    To the extent that funds received in the Pre-Petition Bank Accounts following the closings under the Sale Orders are attributable to accounts receivable sold under the Sale Orders, the funds will be sent to the applicable purchaser, and may be transferred directly from the Pre-Petition Bank Accounts, rather than routing from the Pre-Petition Bank Accounts to the DIP Accounts and then being transferred.

    e.    All other disbursements will be made from the DIP Accounts.

    f.    On their monthly operating reports, the Debtors will report the activity in the applicable Pre-Petition Bank Accounts and the DIP Accounts, and will attach copies of statements from the relevant accounts to the monthly operating reports.

13. Based upon the foregoing, the Debtors believe that the circumstances present in this case warrant the postpetition maintenance of the Pre-Petition Bank Accounts for the limited purposes set forth herein.

14. The Debtors have consulted with the Office of the United States Trustee regarding the continued maintenance of prepetition bank accounts on the basis set forth herein, and has sent a draft of the Motion to it for review. The United States Trustee has not consented to the proposed maintenance of use of such accounts without the filing of this Motion.

WHEREFORE, the Debtors respectfully request that this Court enter an order, the proposed form of which is attached hereto as **Exhibit A**, (i) granting this motion, (ii) authorizing the Debtors to maintain their Pre-Petition Bank Accounts as set forth herein, and (iii) providing such other and further relief as is just and proper.

/s/ *Daniel R. Fogarty*
Daniel R. Fogarty (FBN 0017532)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida   33602
Telephone: (813) 229-0144
Email:  dfogarty@srbp.com
Attorneys for Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct of the foregoing *Debtors' Motion for Authority to Maintain Prepetition Bank Accounts for Limited Purposes* has been furnished on this 11th day of December, 2023, by the Court's CM/ECF electronic mail system to all parties receiving CM/ECF electronic noticing.

/s/ *Daniel R. Fogarty*
Daniel R. Fogarty

4889-1407-4005, v. 3


## SCHEDULE A

| Debtor | Banking Institution | Account No. | Balance on Petition Date |
|---|---|---|---|
| ASR: | | | |
| | Community Trust Bank, Inc. | 2673 | $282.07 |
| | Community Trust Bank, Inc. | 3973 | $315.18 |
| | Bank of America | 1169 | $0.00 |
| | Bank of America | 6585 | $0.00 |
| Pioneer: | | | |
| | Community Trust Bank, Inc. | 9064 | $94,608.83 |
| Strong: | | | |
| | Chase Bank | 9969 | $33,690.58 |
| | Chase Bank | 6061 | $14,979.20 |
| | Chase Bank | 6079 | $9,118.03 |
| | Chase Bank | 3599 | $3,920.00 |

**Exhibit A**

**Proposed Form of Order**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                                                          Chapter 11, Subchapter V

AVIATION SAFETY RESOURCES, INC.,                Case No. 6:23-bk-4639-GER
S.E., INC.,                                                                 Case No. 6:23-bk-4641-GER
PIONEER AEROSPACE CORPORATION           Case No. 6:23-bk-4643-GER

      Debtors.                                                    Jointly Administered Under
_____/              Case No. 623-bk-4639-GER

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 345(b) AND 363 AUTHORIZING DEBTORS TO MAINTAIN USE OF PRE-PETITION BANK ACCOUNT**

THIS CASE came on for hearing on _____ for consideration of the Debtor's Motion for Authority to Maintain Prepetition Bank Accounts for Limited Purposes (Doc. No. ___) (the "**Motion**").  Upon review of the Motion, the record in this case, the arguments of counsel at the hearing, the Court finds it appropriate to grant the Motion.  Accordingly, it is

ORDERED:

1. The Motion (Doc. No. __) is granted.

2. The Debtors are authorized to continue to maintain and use their Pre-Petition Bank Accounts in accordance with the following procedures:

    a. The Pre-Petition Bank Accounts will remain open to collect accounts receivable, and to make disbursements through closing under the Sale Orders. No disbursements will be made after December 8, 2023, except for (i) the payroll payments, and (ii) the sold receivables proceeds, both as discussed

      below. The funds in the Pre-Petition Bank Accounts will be swept into the DIP Accounts on a regular basis, not less frequently than weekly.

    b.    The net proceeds from the closing under the Sale Orders shall be deposited into the DIP Accounts, and shall not be deposited into the Pre-Petition Bank Accounts.

    c.    The final payment(s) for payroll related obligations will be paid by ACH through the Debtors' existing payroll processing company, and will be paid from the Pre-Petition Bank Accounts. Before the payment is processed, the Debtors, respectively, will transfer from their respective DIP Accounts to the applicable Pre-Petition Bank Accounts sufficient funds to cover the payroll obligations being paid.

    d.    To the extent that funds received in the Pre-Petition Bank Accounts following the closings under the Sale Orders are attributable to accounts receivable sold under the Sale Orders, the funds will be sent to the applicable purchaser, and may be transferred directly from the Pre-Petition Bank Accounts, rather than routing from the Pre-Petition Bank Accounts to the DIP Accounts and then being transferred.

    e.    All other disbursements will be made from the DIP Accounts.

    f.    On their monthly operating reports, the Debtors will report the activity in the applicable Pre-Petition Bank Accounts and the DIP Accounts, and will attach copies of statements from the relevant accounts to the monthly operating reports.

    3.    The Court retains jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

*Attorney Daniel R. Fogarty is directed to serve a copy of this order on interested parties and file a proof of service within 3 days after entry of this order.*