**ORDERED.**

**Dated: December 19, 2023**

Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11, Subchapter V |
| | |
| AVIATION SAFETY RESOURCES, INC., | Case No. 6:23-bk-4639-GER |
| S.E., INC., | Case No. 6:23-bk-4641-GER |
| PIONEER AEROSPACE CORPORATION | Case No. 6:23-bk-4643-GER |
| | |
|     Debtors. | *Jointly Administered under* |
| _____/ | *Case No. 6:23-bk-4639-GER* |
| | |
| S.E., INC., | Case No. 6:23-bk-4641-GER |
| PIONEER AEROSPACE CORPORATION | Case No. 6:23-bk-4643-GER |
| | |
|     Applicable Debtors. | |
| _____/ | |

## THIRD ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS

THIS CASE came before the Court for continued hearing on December 12, 2023, at 9:30

a.m. (the "**Hearing**") for continued hearing on the *Debtors' Emergency Motion for Authority to*

*Use Cash Collateral* (Case No. 6:23-bk-4641-GER Doc. No. 21, Case No. 6:23-bk-4643-GER

Doc. No. 21) (the "**Motion**")[1] filed by S.E., Inc. and Pioneer Aerospace Corporation (together,

---

[1]  Unless otherwise defined herein, capitalized terms shall have the same meaning ascribed to them in the Motion.

the "**Debtors**").  The Motion seeks the entry of interim and final orders authorizing the Debtors

to use "Cash Collateral" as defined in Section 363(a) of the Bankruptcy Code.

The Court finds that, under the circumstances, due and sufficient notice of the Motion

and the Hearing was provided to: (i) the Office of the United States Trustee for the Middle

District of Florida, (ii) Zodiac, (iii) the SBA, (iv) all known secured creditors of the Debtor, (v)

the Lenders, and (vi) the twenty (20) largest unsecured creditors of each Debtor, and that no

other or further notice is necessary.  An objection was filed by Zodiac (Doc. No. 30) (the

"**Zodiac Objection**"). The Court previously entered interim orders (Doc. No. 45, 78) granting

the Motion on an interim basis, and scheduling a continued hearing on the Motion.  The Court

considered the Motion, together with the record and the argument of counsel at the Hearing, and

it appearing that the use of Cash Collateral to the extent provided herein is necessary on an

interim basis in order to avoid irreparable harm to the Debtor, and for the reasons announced on

the record at the Hearing which shall constitute the decision of the Court, it is

**ORDERED**:

1.      Notice of the Motion and the Hearing on the Motion was adequate and

appropriate in the current circumstances of this Chapter 11 case as contemplated by 11 U.S.C.

§102(a) and Fed. R. Bankr. P. 4001(b)(2).

2.      The Motion is granted on an interim basis pending a further hearing to be

conducted by the Court on **December 19, 2023 at 1:30 p.m.** (the "**Continued Hearing**").

3.      The Debtors are authorized, through the date of the Continued Hearing, to use

Cash Collateral including, without limitation, cash, deposit accounts, accounts receivable, and

proceeds from business operations in accordance with a budget as such Budget may be amended

or modified from time to time with the consent of the DIP Lender (the "**Budget**"), so long as the

aggregate of all expenses for each week do not exceed the amount in the Budget by more than ten percent (10%) for any such week on a cumulative basis (the "**Variance**"), and subject to the restrictions in the Final DIP Order (as defined below).  A copy of the initial version of the Budget previously submitted with the Motion is attached hereto as **Exhibit A**.  Notwithstanding the foregoing, subject to the provisions of paragraph 11 of this Order, expenditures in excess of the Variance or not on the Budget will not be deemed to be unauthorized use of Cash Collateral, unless the recipient cannot establish that the expense would be entitled to administrative expense priority if the recipient had extended credit for the expenditure.

4.      The Debtors are authorized to provide adequate protection, pursuant to sections 363(c)(2)(A) and 363(e) of the Bankruptcy Code, to the Pre-Petition Lenders pursuant to the terms and conditions of this Interim Order.  As adequate protection with respect to the Pre-Petition Lenders' interests in the Cash Collateral, the Pre-Petition Lenders are granted a replacement lien in and upon all of the categories and types of collateral in which they held a security interest and lien as of the Petition Date to the same extent, validity, and priority that they held as of the Petition Date.

5.      The replacement liens or claims granted in connection with the use of Cash Collateral under this Order shall be subject to the payment of the Carve-Out Expenses as defined in the *Final Order Granting Debtors' Emergency Motion for Authority to Obtain Secured Postpetition Financing and Grant Liens and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. § 364(c) and F.R.B.P. 4001* (Doc. No. 77) (the "**Final DIP Order**").

6.      The Debtors are entitled to collect money from parties with outstanding accounts receivable to the Debtors and no creditor or party in interest shall interfere with the Debtors'

collection actions. The Debtors shall maintain records regarding the collection of prepetition amounts.

7.      The Debtors shall maintain insurance coverage for the collateral in accordance with the obligations under the loan and security documents.

8.      The Subchapter V Trustee, the Office of the United States Trustee, or any party with an asserted interest in the collateral, shall be entitled to request reasonable reporting from the Debtors regarding the collateral. The Debtors shall be afforded a reasonable time to respond to such requests.

9.      This Order is not and shall not be construed as determinative as to whether any creditor has a valid lien on or interest in any property of the Debtors or the estates.  This Order is not and shall not be construed as determinative as to the extent or amount of any secured claim associated with any such lien.

10.     This Order is without prejudice to the Debtors' right to challenge the extent, validity, or priority of any lien or claim of any creditor and is likewise without prejudice to the right of any creditor to seek additional relief concerning Cash Collateral by subsequent motion and nothing contained in this Order shall be deemed to constitute a waiver of any party's rights.

11.     This Order is without prejudice to the Debtors' rights to seek authority by separate motion to pay monies in excess of the amounts set forth in the Budget.

12.     In accordance with Rule 4001 of the Bankruptcy Rules, the Court finds the Debtors' authorization to use Cash Collateral pursuant to this Order is necessary to avoid immediate and irreparable harm to the Debtors' estates.

13.     The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court.

4878-0239-6055, v. 2

14.     By separate orders on the *Debtors' Motion for Entry of an Order Authorizing (I) the Sale of Substantially All of Their Assets Pursuant to 11 U.S.C. § 363, Free and Clear of All Liens, Claims and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts* (Doc. No. 48) (the "**Sale Motion**"), the Court has authorized two separate sales by the Debtors of substantially all of the operating assets of the Debtors.  Within one (1) business day of receiving the purchase price under the sales under the Sale Motion, the Debtors shall place $1,250,000.00 in a segregated escrow (the "**Zodiac Proceeds Escrow**") maintained by Debtors' counsel. The Zodiac Proceeds Escrow shall remain in escrow and held in trust pending resolution of the Debtors' dispute as to the Zodiac Secured Claim. The Zodiac Proceeds Escrow funds shall not be released to, or used or accessed by, any party without further order of the Court. For the avoidance of doubt and consistent with the terms of this paragraph, the Zodiac Proceeds Escrow funds shall at all times be and remain subject to all Liens of Zodiac as applied to the Assets (as defined in the Sale Motion) in the same extent, validity, and priority. The Debtors reserve all rights, claims and objections with regard to any claims or interests asserted by Zodiac related to the Zodiac Secured Claim.

*Attorney Daniel R. Fogarty is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order.*

4878-0239-6055, v. 2

# EXHIBIT A

| Pioneer Cash Forecast | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date Updated: October 31th | | | | | | | | | | | | | | | |
| Week Beginning Date | 10/30 | 11/6 | 11/13 | 11/20 | 11/27 | 12/4 | 12/11 | 12/18 | 12/25 | 1/1 | 1/8 | 1/15 | 1/22 | 1/29 | 2/5 |
| | | | | | | | | | | | | | | | |
| *Cash Flow Summary* | | | | | | | | | | | | | | | |
| Weekly Beginning Cash Balance | 223,521 | 108,624 | (59,399) | 9,071 | 14,074 | (192,220) | 3,046,199 | 2,955,899 | 2,908,814 | 2,861,729 | 2,814,644 | 2,741,759 | 2,694,674 | 2,647,589 | 2,600,504 |
| Total Payroll | | (75,000) | (31,500) | (75,000) | | (75,000) | | | | | | | | | |
| TOTAL CASH AVAILABLE AFTER PAYROLL | 223,521 | 33,624 | (90,899) | (65,929) | 14,074 | (267,220) | 3,046,199 | 2,955,899 | 2,908,814 | 2,861,729 | 2,814,644 | 2,741,759 | 2,694,674 | 2,647,589 | 2,600,504 |
| | | | | | | | | | | | | | | | |
| Cash Receipts from Operations | 55,103 | | 287,200 | 210,000 | | 147,000 | | | | | | | | | |
| Cash From DIP Borrowings | | | | | | | | | | | | | | | |
| Cash from Net Sale Proceeds | | | | | | 3,400,000 | | | | | | | | | |
| Total Cash Reciepts | 55,103 | 0 | 287,200 | 210,000 | 0 | 3,547,000 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| | | | | | | | | | | | | | | | |
| Total Operational Expenses | (170,000) | (66,223) | (113,230) | (55,997) | (116,294) | (102,781) | (6,300) | (3,285) | (3,285) | (3,285) | (5,085) | (3,285) | (3,285) | (3,285) | (3,285) |
| TOTAL CASH BEFORE PROFESSIONAL FEE CARVEOUT | 108,624 | (32,599) | 83,071 | 88,074 | (102,220) | 3,176,999 | 3,039,899 | 2,952,614 | 2,905,529 | 2,858,444 | 2,809,559 | 2,738,474 | 2,691,389 | 2,644,304 | 2,597,219 |
| | | | | | | | | | | | | | | | |
| Total Professional Carveout Reserve Contributions | 0 | (26,800) | (74,000) | (74,000) | (90,000) | (130,800) | (84,000) | (43,800) | (43,800) | (43,800) | (67,800) | (43,800) | (43,800) | (43,800) | (43,800) |
| | | | | | | | | | | | | | | | |
| Weekly Ending Cash Balance | 108,624 | (59,399) | 9,071 | 14,074 | (192,220) | 3,046,199 | 2,955,899 | 2,908,814 | 2,861,729 | 2,814,644 | 2,741,759 | 2,694,674 | 2,647,589 | 2,600,504 | 2,553,419 |
| | | | | | | | | | | | | | | | |
| *DIP Needed* | | | | | | 267,220 | | | | | | | | | |
| DIP Reserve | | | | | | 250,000 | | | | | | | | | |
| *Footnote: The lenders can approve greater or lesser allocation to each entity with their provided consent | | | | | | | | | | | | | | | |

| Week Beginning Dated | 10/30 | 11/6 | 11/13 | 11/20 | 11/27 | 12/4 |
|---|---|---|---|---|---|---|
| **Cash Receipts From Operations** | | | | | | |
| | | | | | | |
| Updated AR Aging | | | | | | |
| A/R - Forecast / Backlog | 55,103 | | 156,755 | 210,000 | | |
| A/R - Past Due | | | | | | |
| Strong /Boeing/DLAPayments to Pioneer | | | 130,445 | | | 147,000 |
| DIP Interest and Legal Fees | | | | | | |
| Misc | | | | | | |
| | | | | | | |
| **Total Cash Receipts from Operations** | **55,103** | **0** | **287,200** | **210,000** | **0** | **147,000** |

| Week Beginning Dated | 10/30 | 11/6 | 11/13 | 11/20 | 11/27 | 12/4 |
|---|---|---|---|---|---|---|
| **Cash Disbursements** | | | | | | |
| | | | | | | |
| Payroll - Wages/Taxes (Union) | | | | | | |
| Payroll - Wages/Taxes (Non Union) | | 75,000 | | 75,000 | | 75,000 |
| Extra Payroll Due To Loss of Furlough Arrangement | | | | | | |
| Payroll - Fees | | | | | | |
| EE Benefits - 401k | | 0 | | 0 | | 0 |
| EE Benefits - Union Retirement | | | | | | |
| EE - HSA/FSA Contributions | | | 3,000 | | | |
| Health Insurance | | | 27,000 | | 0 | |
| Non Medical | | | 1,500 | | | |
| **Total Paycor Payroll** | **0** | **75,000** | **31,500** | **75,000** | **0** | **75,000** |
| | | | | | | |
| ASR KY Rent | | | | | | |
| **Total ASR Kentucky** | **0** | **0** | **0** | **0** | **0** | **0** |
| | | | | | | |
| Bloomfield | 0 | 30,000 | | | | 30,000 |
| Safran | | | | | | |
| Storage | | | | | | |
| **Total Building Rent** | **0** | **30,000** | **0** | **0** | **0** | **30,000** |
| | | | | | | |
| Utilities | 0 | | 15,000 | | | |
| **Total Utilities** | **0** | **0** | **15,000** | **0** | **0** | **0** |
| | | | | | | |
| Contract Labor | | 0 | 20,000 | | | |
| Agent | | | | | | |
| Strategic Bonus | | | | | | 15,000 |
| **Total Contractor Payments** | **0** | **0** | **20,000** | **0** | **0** | **15,000** |

| Week Beginning Dated | 10/30 | 11/6 | 11/13 | 11/20 | 11/27 | 12/4 | 12/11 | 12/18 | 12/25 | 1/1 | 1/8 | 1/15 | 1/22 | 1/29 | 2/5 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Professional Fees Carveout Reserve** | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| Asgaard | | 24,000 | 72,000 | 72,000 | 72,000 | 72,000 | 40,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 |
| Stichter, Reidel, Blain & Postler | | 0 | 0 | 0 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 |
| MNAT | | 0 | 0 | 0 | 0 | 0 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 |
| Erissa / Pension Plan Counsel | | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 |
| Subchapter 5 Trustee | | 0 | 0 | 0 | 0 | 0 | 16,000 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Safran Counsel | | 0 | 0 | 0 | 0 | 40,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 |
| Tax Accounting | | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 24,000 | 0 | 0 | 0 | 0 |
| Subchapter 5 Trustee - Other | | 800 | 0 | 0 | 0 | 800 | 0 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 |
| **Total Professional Fees Funded Carveout** | 0 | 26,800 | 74,000 | 74,000 | 90,000 | 130,800 | 84,000 | 43,800 | 43,800 | 43,800 | 67,800 | 43,800 | 43,800 | 43,800 | 43,800 |

| **Strong Enterprises Cash Forecast** | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date Updated: October 31th | | | | | | | | | | | | | | | |
| Week Beginning Date | 10/30 | 11/6 | 11/13 | 11/20 | 11/27 | 12/4 | 12/11 | 12/18 | 12/25 | 1/1 | 1/8 | 1/15 | 1/22 | 1/29 | 2/5 |
| *Cash Flow Summary* | | | | | | | | | | | | | | | |
| Weekly Beginning Cash Balance | 52,939 | 55,173 | 108,001 | 84,883 | 52,959 | 42,324 | 797,585 | 776,585 | 765,635 | 754,685 | 743,735 | 726,885 | 715,935 | 704,985 | 694,035 |
| Total Payroll | | (49,000) | | (49,000) | | (49,000) | | | | | | | | | |
| TOTAL CASH AVAILABLE AFTER PAYROLL | 52,939 | 6,173 | 108,001 | 35,883 | 52,959 | (6,676) | 797,585 | 776,585 | 765,635 | 754,685 | 743,735 | 726,885 | 715,935 | 704,985 | 694,035 |
| Open Orders | 22,546 | 5,300 | 1,120 | 314 | 7,463 | 6,699 | | | | | | | | | |
| New Deposits and Orders (est.) | | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | | | | | | | | | |
| DIP Financing | | | | | | 800,000 | | | | | | | | | |
| Net Sale Proceeds | | | | | | | | | | | | | | | |
| Paradigm $114k Receivable Plus Other Orders to be Fulfilled | | 113,966 | | 41,000 | 41,000 | 41,000 | | | | | | | | | |
| Total Cash Reciepts | 22,546 | 124,266 | 6,120 | 46,314 | 53,463 | 852,699 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Operational Expenses | (20,312) | (15,738) | (10,738) | (10,738) | (41,598) | (15,738) | | | | | | | | | |
| TOTAL CASH BEFORE PROFESSIONAL FEE CARVEOUT | 55,173 | 114,701 | 103,383 | 71,459 | 64,824 | 830,285 | 797,585 | 776,585 | 765,635 | 754,685 | 743,735 | 726,885 | 715,935 | 704,985 | 694,035 |
| Total Professional Carveout Reserve Contributions | 0 | (6,700) | (18,500) | (18,500) | (22,500) | (32,700) | (21,000) | (10,950) | (10,950) | (10,950) | (16,850) | (10,950) | (10,950) | (10,950) | (10,950) |
| Weekly Ending Cash Balance | 55,173 | 108,001 | 84,883 | 52,959 | 42,324 | 797,585 | 776,585 | 765,635 | 754,685 | 743,735 | 726,885 | 715,935 | 704,985 | 694,035 | 683,085 |
| | | | | | | | | | | | | | | | |
| *DIP Needed* | | | | | | 267,220 | | | | | | | | | |
| DIP Reserve | | | | | | 250,000 | | | | | | | | | |
| **Footnote:** The lenders can approve greater or lesser allocation to each entity with their provided consent | | | | | | | | | | | | | | | |

| Week Beginning Date | 10/30 | 11/6 | 11/13 | 11/20 | 11/27 | 12/4 |
|---|---|---|---|---|---|---|
| **Monthly Operational Costs** | | | | | | |
| Rent 6448 | 8,313 | | | | 8,313 | |
| Rent 6503 A&B | 6,998 | | | | 6,998 | |
| Phone/Internet | | | | | 508 | |
| Electric | | | | | 2,000 | |
| Trash | | | | | 242 | |
| Health Care | | | | | 5,269 | |
| Dental Care | | | | | 1,742 | |
| Estimated Outbound & Inbound Shipping | | | | | 1,500 | |
| Sales Tax | | | | | 500 | |
| Estimated Outbound & Inbound Shipping | | | | | 1,500 | |
| Phone System | | | | | 280 | |
| Copier Lease | | | | | 87 | |
| ERP Hosting | | | | | 234 | |
| Estimated Outbound & Inbound Shipping | | | | | 1,500 | |
| Retirement Admin Fee | | | | | 186 | |
| **Total Monthly Operational Costs** | **15,312** | | | | **30,860** | |
| | | | | | | |
| **COD/CIA Materials Costs** | | | | | | |
| COGS | 5,000 | 10,738 | 10,738 | 10,738 | 10,738 | 10,738 |
| Misc. Operating Expenses Expenses | | 5,000 | | | | 5,000 |
| **Total COD/CIA Materials Costs** | **5,000** | **15,738** | **10,738** | **10,738** | **10,738** | **15,738** |
| | | | | | | |
| **Total Operating Cash Disbursements** | **20,312** | **15,738** | **10,738** | **10,738** | **41,598** | **15,738** |

| Professional Fees Carveout Reserve | 10/30 | 11/6 | 11/13 | 11/20 | 11/27 | 12/4 | 12/11 | 12/18 | 12/25 | 1/1 | 1/8 | 1/15 | 1/22 | 1/29 | 2/5 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Asgaard | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Stitcher | 0 | (6,000) | (18,000) | (18,000) | (18,000) | (18,000) | (10,000) | (3,750) | (3,750) | (3,750) | (3,750) | (3,750) | (3,750) | (3,750) | (3,750) |
| MNAT | 0 | 0 | 0 | 0 | (4,000) | (4,000) | (4,000) | (4,000) | (4,000) | (4,000) | (4,000) | (4,000) | (4,000) | (4,000) | (4,000) |
| Erisa Legal Fees | 0 | 0 | 0 | 0 | 0 | 0 | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) |
| Conflicts Counsel | 0 | (500) | (500) | (500) | (500) | (500) | (500) | (500) | (500) | (500) | (500) | (500) | (500) | (500) | (500) |
| Claims Agent | 0 | 0 | 0 | 0 | 0 | 0 | (4,000) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Subchapter 5 Trustee Fees | 0 | 0 | 0 | 0 | 0 | (10,000) | (500) | (500) | (500) | (500) | (500) | (500) | (500) | (500) | (500) |
| Safran Counsel Fees | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | (6,000) | 0 | 0 | 0 | 0 |
| Tax Accounting Fees | 0 | (200) | 0 | 0 | 0 | (200) | 0 | (200) | (200) | (200) | (200) | (200) | (200) | (200) | (200) |
| Secured Debt Legal Fees | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Other Fees | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| **Total Professional Fees Funded Carveout** | **0** | **6,700** | **18,500** | **18,500** | **22,500** | **32,700** | **21,000** | **10,950** | **10,950** | **10,950** | **16,950** | **10,950** | **10,950** | **10,950** | **10,950** |