**ORDERED.**

Dated: December 22, 2023

Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11, Subchapter V |
| AVIATION SAFETY RESOURCES, INC., | Case No. 6:23-bk-04641-GER |
| S.E., INC. D/B/A STRONG ENTERPRISES, | Case No. 6:23-bk-04643-GER |
| PIONEER AEROSPACE CORPORATION | Case No. 6:23-bk-04639-GER |
| D/B/A ASR-PIONEER | |
| | *Jointly Administered under* |
| Debtors. | *Case No. 6:23-bk-04639-GER* |

**ORDER APPROVING DEBTORS' APPLICATION FOR
AUTHORIZATION TO EMPLOY ASGAARD CAPITAL LLC
AS FINANCIAL ADVISOR AND TRANSACTION ADVISOR
TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

THIS CASE came on for hearing on December 19, 2023 at 1:30 p.m. on the *Debtors' Application for Authorization to Employ Asgaard Capital LLC as Financial Advisor and Transaction Advisor to the Debtors, Effective as of the Petition Date* (Doc. No. 59) (the "**Application**"), the *Declaration of Charles Reardon on Behalf of Asgaard Capital LLC, as Proposed Financial Advisor and Transaction Advisor to the Debtors* (the "**Reardon Declaration**") attached to the Application, and the *Notice of Filing Supplemental Declaration of Charles Reardon on behalf of Asgaard Capital LLC in support of the Debtors' Application for Authorization to Employ Asgaard Capital LLC as Financial Advisor and Transaction Advisor to*

*the Debtors Effective as of the Petition Date* (Doc. No. 100) (the "**Reardon Supplemental Declaration**"). The Application requests entry of an order approving the Debtors-in-Possession's employment of Asgaard Capital LLC ("**Asgaard**") as financial advisor and transaction advisor in these Chapter 11 cases, on the terms set forth in the Engagement Letter[1] as attached to the Application (provided that to the extent of any inconsistency between this Order and the Engagement Order, this Order shall expressly control). The Court has considered the Application, the Reardon Declaration, and the Reardon Supplemental Declaration, as well as the comments and statements on the records at the hearing, and has been satisfied based on the representations made in the Application, the Reardon Declaration, and the Reardon Supplemental Declaration that (a) Asgaard does not hold or represent an interest adverse to the Debtors' estate and (b) Asgaard is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code. This Court further finds that: (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Application is in the best interests of the Debtors, their estate, their creditors and other parties in interest; (v) notice of the Application and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Application, the Reardon Declaration, and the Reardon Supplemental Declaration, good and sufficient cause exists to grant the relief requested. Accordingly, for the reasons stated in open court, it is

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Application.

**ORDERED** that:

1. The Application is approved, effective as of the Petition Dates in the Debtors' cases.

2. The employment by the Debtors, as debtors-in-possession, of Asgaard in accordance with the terms and conditions of the Engagement Letter (subject to the terms of this Order, which shall control in the case of any conflict with the Engagement Letter), is approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code (each as set forth below) effective as of the Petition Date.

3. No payment of compensation or reimbursement of expenses shall be made to Asgaard absent application to and approval by this Court (or pursuant to any other interim fee procedures established by this Court), pursuant to section 330 of the Bankruptcy Code (as to Asgaard's hourly fees, and expenses) and section 328(a) of the Bankruptcy Code (as to Asgaard's transaction-based fees).

4. As set forth in the Engagement Letter, aside from Asgaard's hourly-based fees and expenses (as set forth above, subject to final approval by this Court on the standards set forth in section 330 of the Bankruptcy Code, after application and notice required by Rules 2002(a)(6) and 2016 of the Federal Rules of Bankruptcy Procedure, and any applicable order and local rules of this Court), Asgaard shall be entitled pursuant to section § 328(a) of the Bankruptcy Code to transaction-based fees (as set forth above, also subject to final approval by this Court after application and notice required by Rules 2002(a)(6) and 2016 of the Federal Rules of Bankruptcy Procedure, and any applicable local rules of this Court), of

4892-5101-7105, v. 3

(i) with respect to any financing provided to the Debtors by any non-insider third party, a financing fee equal to the greater of (a) $25,000 or (b) 5% of any such financing received or committed,[2]

(ii) with respect to any sale, reorganization, or disposition of any or all of the Debtors' assets or operations, a transaction fee of $250,000,[3] and

(iii) with respect to the receipt of any recoveries or other consideration outside of the ordinary course of business by the Debtors, including tax refunds, claim or litigation recoveries, or other types of assets not sold or disposed of in the ordinary course of business, 10% of such recoveries or consideration.

5. Upon the occurrence of any event that would result in Asgaard being due any transaction-based fees, after payment of any allowed secured claims or other Court-approved costs of sale, the Debtors shall separately hold such amounts due Asgaard on its transaction-based fees pending a ruling by this Court on an application by Asgaard for approval thereof.

6. Notwithstanding anything in this Order to the contrary, the United States Trustee for the Middle District of Florida (the "U.S. Trustee") shall retain the right and be entitled to object to Asgaard's transaction-based fees based on the reasonableness standard provided for in section 330 of the Bankruptcy Code. The Debtors and Asgaard further stipulate and agree that this Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Asgaard's transaction-based compensation under section 330 of the Bankruptcy Code. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee on appeal or otherwise, with respect to the reasonableness of

---

[2] For the avoidance of doubt, Asgaard shall not be entitled to a financing fee on the financing approved in the Court's Final Order Granting Debtors' Emergency Motion for Authority to Obtain Secured Postpetition Financing and Grant Liens and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. § 364(c) and F.R.B.P. 4001 (Doc. No. 77).

[3] For the avoidance of doubt, Asgaard shall only be entitled to one transaction fee of $250,000, due (subject to the filing and approval of a fee application) on the closing of the first of the sales approved by the Court in its orders entered on November 22, 2023 (Doc. Nos. 73, 74), and provided such amount is paid, then there shall be no transaction fee on account of the closing of the other such sale.

Asgaard's transaction-based fees. Further, in any application for approval of a transaction-based fee with respect to the any recoveries or other consideration outside of the ordinary course of business by the Debtors under Paragraph 4(iii) of this Order, other than with respect to the ERTC refunds applied for by the Debtors, Asgaard shall be required to show that its services were substantial and directly involved in the recovery of such assets, and show a necessary nexus between the services and the recovery.

7. The Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation, and other provisions of the Engagement Letter and will indemnify and hold harmless Asgaard and each Indemnified Person (as defined in the Engagement Letter), pursuant to the Engagement Letter, subject, during the pendency of these cases, to the following:

(i) Asgaard and each Indemnified Person shall be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter only for the services provided under the Engagement Letter, and not any separate services, unless such separate services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

(ii) Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify Asgaard or any Indemnified Person, or provide contribution or reimbursement to Asgaard or an Indemnified Person, for any claim or expense that is: (a) judicially determined (the determination having become final) to have arisen from Asgaard's or such Indemnified Person's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith, or self-dealing; (b) for a contractual dispute in which the Debtors allege the breach of Asgaard's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.,* 315 F.3d 217 (3d Cir. 2003) or other applicable bankruptcy law; or (c) settled prior to a judicial determination as to the exclusions set forth in clauses (a) and (b) above, but determined by the Court, after notice and a hearing, to be a claim or expense for which Asgaard or an Indemnified Person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order;

(iii) If, before the earlier of: (a) the entry of an order confirming a Chapter 11 plan in these cases (that order having become final or no longer subject to appeal); or (b) the entry of an order closing these cases, Asgaard or any Indemnified Person believes that it is entitled to the payment of any specific amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the

Engagement Letter (as modified by this Order), including the advancement of defense costs, Asgaard or the applicable or an Indemnified Person must file an application for such payment in the Court, and the Debtors may not make such payment to Asgaard or such Indemnified Person before, after notice and a hearing, the Court enters an order approving such payment. This subparagraph (iii) is intended only to govern the time period during which the Court shall have jurisdiction over any request for fees and expenses by Asgaard or any Indemnified Person for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify, contribute to, or reimburse Asgaard or any Indemnified Person. All parties in interest shall retain the right to object to any demand by Asgaard or any Indemnified Person for indemnification, contribution, or reimbursement.

(iv)    Notwithstanding any provision in the Engagement Letter to the contrary, any liability or contribution obligations of Asgaard or any Indemnified Persons shall not be limited to the aggregate amount of fees actually received by Asgaard from the Debtors pursuant to the Engagement Letter.

8.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

*Attorney Daniel Fogarty is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within 3 days of entry of the order.*