UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11, Subchapter V |
| AVIATION SAFETY RESOURCES, INC., | Case No. 6:23-bk-4639-GER |
| S.E., INC., | Case No. 6:23-bk-4641-GER |
| PIONEER AEROSPACE CORPORATION | Case No. 6:23-bk-4643-GER |
| Debtors. | *Jointly Administered Under* |
| _____/ | *Case No. 623-bk-4639-GER* |
| PIONEER AEROSPACE CORPORATION | Case No. 6:23-bk-4643-GER |
| Applicable Debtor. | |
| _____/ | |

**DEBTOR'S MOTION TO APPROVE COMPROMISE**
**WITH COMPUTER SERVICES AND SOLUTIONS, INC.**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at George C. Young Federal Courthouse, 400 W. Washington Street, Suite 5100, Orlando, Florida 32801, within twenty-one (21) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

---

PIONEER AEROSPACE CORPORATION, as debtor and debtor in possession (the "**Debtor**"), respectfully requests the entry of an order approving a compromise between the Debtor

and Computer Services and Solution, Inc. ("**CSSI**").  In support of this motion, the Debtor respectfully represents as follows:

<u>JURISDICTION</u>

1.       This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§157 and 1334.  The subject matter of this motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §1408.

2.       The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 1107, and 1108, Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules 2002-4 and 9019-1

<u>BACKGROUND</u>

3.       On November 1, 2023 (the "**Petition Date**"), Pioneer, S.E., Inc. ("**S.E.**"), and Aviation Safety Resources, Inc. filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division (the "**Bankruptcy Court**"), which cases and being jointly administered under Case No. 6:23-bk-4639-GER (the "**Bankruptcy Case**");

4.       CSSI is a party to that certain Client Service Agreement (the "**CSA**") dated around July 1, 2022, with ASR-Pioneer, under which CSSI's services are billed monthly (approximately $25,000/month), in advance.

5.       CSSI has sent a separate invoice for what it contends is outside-of-scope work for $42,509, in connection with services related to migration of data from servers maintained in Pioneer's Mississippi facility, which Pioneer contends were covered by an agreed-upon modification to the CSA, as well as being subject to other claims and defenses.

4895-9113-8711, v. 2

6.    In the Bankruptcy Case, Pioneer and S.E. sought, and ultimately obtained, approval to sell assets under two separate purchase agreements. On November 22, 2023, the Court entered its Order (I) Authorizing the Sale of Substantially all of the Debtor's Assets Relating to the Connecticut Location Pursuant to 11 U.S.C. § 363, Free and Clear of all Liens, Claims and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts (Doc. No. 73), and its Order Granting Debtors' Motion for Entry of an Order Authorizing (I) The Sale Of Substantially all of Their Assets Pursuant to 11 U.S.C. § 363, Free and Clear of all Liens, Claims and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts (Doc. No. 74) (together, the "**Sale Orders**"). Pioneer and S.E. closed on the sales under the Sale Orders on December 8, 2023 (the "**Closing Date**") and have sold substantially all of their operating assets to the respective purchasers, Paradigm Parachute and Defense, Inc. and Space Exploration Technologies Corp. (the "**Purchasers**") under the Sale Orders.

7.    Under each of the asset purchase agreements approved under the Sale Orders, as modified, the Purchasers had the option to take an assumption and assignment of certain executory contracts and unexpired leases (collectively, the "**Assumed Contracts**"), determine not to take an assignment of a particular executory contract or unexpired lease (collectively, the "**Excluded Contracts**"), or to delay the designation as to an executory contract or unexpired lease (collectively, the "**Delayed Designation Contracts**"). Each of the Purchasers has designated the CSA as a Delayed Designation Contract.

8.    The Parties have determined that it is in the best interest of the estate and creditors to amicably resolve the dispute on the terms set forth herein.

4895-9113-8711, v. 2

**THE PROPOSED SETTLEMENT**

9.      Subject to the approval of this Court, the Parties entered into an *Agreement* dated December 19, 2023, (the "**Settlement Agreement**").  A copy of the Settlement Agreement is attached hereto as **Exhibit A** and incorporated herein by reference.

**RELIEF REQUESTED**

10.     The Debtor seeks approval of the Settlement pursuant to Bankruptcy Rule 9019, and requests the Court enter the order attached hereto as **Exhibit B** (the "**Approval Order**"). The Settlement Agreement is fair and equitable, is in the best interest of the estate, and should be approved. Additionally, the Debtor seeks, pursuant to Bankruptcy Rule 6004(h), a waiver of any stay of the effectiveness of the Approval Order.

**BASIS FOR RELIEF AND MEMORANDUM OF LAW**

11.     The Debtor asks the Court to approve the Settlement Agreement pursuant to Bankruptcy Rule 9019. It is generally recognized that the law favors compromise of disputes over litigation. *E.g., In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (Paskay, C.J.).  Some courts have held that a proposed settlement should be approved unless it yields less than the lowest amount that the litigation could reasonably produce. *In re Holywell Corp.*, 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988) (Weaver, J.).

12.     In *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied* 498 U.S. 959, (1990), the Eleventh Circuit enunciated certain factors which must be considered in determining whether to approve a compromise.  These factors include the following:

      a.      The probability of success in the litigation;

      b.      The difficulties, if any, to be encountered in the matter of collection;

4

c.      The complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and

d.      The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id*.

13.      As courts have has reasoned, bankruptcy courts consider the *Justice Oaks* factors to "determine the fairness, reasonableness [,] and adequacy of a proposed settlement." *In re Gaddy*, 622 B.R. 440, 448–49 (Bankr. S.D. Ala. 2020), *aff'd sub nom. In re Gaddy*, 851 F. App'x 996 (11th Cir. 2021). Moreover, in examining the relevant factors, a bankruptcy court generally defers to a trustee's [or debtor in possession's] reasonable business judgment and must not substitute its own business judgment for that of the trustee [or debtor in possession]. *See id.* (citations omitted).

14.      As discussed below, the Settlement Agreement satisfies the *Justice Oaks* factors and should be approved.

15.      Absent settlement, the Debtor would be required to litigate before this Court. Although the Debtor believes that it would ultimately prevail, there are risks inherent in any litigation.  The cost of litigation could easily surpass the savings by the estates in paying the amount under the Settlement Agreement for the CSA, the additional work, and for the continued access. Limiting the costs of litigation means less administrative expense burden imposed upon the estate, which increases the Debtor's ability to fund distributions to creditors.

16.      The Settlement Agreement provides for a global resolution of the Parties' disputes, results in satisfaction of a creditor's potential administrative expense claim, and avoids the delay, uncertainty, risk, and cost attendant with further litigation.  For these reasons, the Settlement satisfies the *Justice Oaks* factors and should be approved.

5

17.    In addition, the Debtor seeks a waiver of any stay of the effectiveness of the order approving this motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).  The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h).  Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the fourteen (14) day stay period, commentators have suggested that the fourteen (14) day stay period should be eliminated to allow a transaction to close immediately "where there has been no objection to the procedure." 10 Collier on Bankruptcy, ¶6004.11.  The relief requested herein is essential to avoiding substantial litigation and implementing a global resolution of the Parties' disputes.

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (a) granting this motion in the form attached as **Exhibit B**; (b) approving the Settlement Agreement; (c) waiving any stay of the effectiveness of the Approval Order, (d) authorizing the parties to take all steps necessary to effectuate the Settlement; and (e) providing such further relief as is just.

*/s/ Daniel R. Fogarty*
Daniel R. Fogarty (FBN 0017532)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida   33602
Telephone: (813) 229-0144
Email:  dfogarty@srbp.com
Attorneys for Debtors

4895-9113-8711, v. 2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copies of the foregoing *Debtor's Motion to Approve Compromise with Computer Services and Solution, Inc*. has been furnished on this 29th day of December, 2023, by either the Court's electronic noticing system or by U.S. mail to all creditors on the Court's matrix.

*/s/ Daniel R. Fogarty*
Daniel R. Fogarty

Label Matrix for local noticing
113A-6
Case 6:23-bk-04639-GER
Middle District of Florida
Orlando
Fri Dec 29 13:50:10 EST 2023

George P. Angelich
ARENTFOX SCHIFF LLP
1301 Avenue of the Americas
42nd Floor
New York, NY 10019-6040

Aviation Safety Resources, Inc.
6448 Pinecastle Blvd.
Suite 104
Orlando, FL 32809-6682

Jarret P. Hitchings
BRYAN CAVE LEIGHTON PAISNER LLP
One Wells Fargo Center, Suite 2150
301 S. College Street
Charlotte, NC 28202-6000

Pioneer Aerospace Corporation
6448 Pinecastle Blvd.
Suite 104
Orlando, FL 32809-6682

Grace E. Robson
Orlando
, FL

S.E., Inc.
6448 Pinecastle Blvd.
Suite 104
Orlando, FL 32809-6682

Stichter, Riedel, Blain & Prosser, P.A.
110 Madison Street-Ste 200
Tampa, FL 33602-4718

Larry Williams
320 W. Kennedy Blvd.
Suite 700
Tampa
Tampa, FL 33606-1459

Zodiac US Corporation
c/o Kevin Arocha
Bryan Cave Leighton Paisner, LLP
1201 Peachtree St., 14th Floor
Atlanta, GA 30361-3503

Aerial Delivery Solutions, LLC
3601 Commerce Blvd., Suite 1
Kissimmee, FL 34741-4604

Aero-News Network/AeroPReneuer
P.O. Box 831
Orange Park, FL 32067-0831

AllRed & Associates, Inc.
321 Route 5 West
P.O. Box 321
Elbridge, NY 13060-0321

Attorney General of the United States
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0001

Brennan Manna Diamond
75 E. Market Street
Akron, OH 44308-2010

Claggett Properties, LLC
388 Enterprise Dr.
Nicholasville, KY 40356-2299

ClearingBid, Inc.
345 Lorton AveSuite 105
Burlingame, CA 94010-4134

Corporation Service Company -
251 Little Falls Drive
Wilmington, DE 19808-1674

Dario P. Manfredi
42 Buckeye Rd
Glen Cove, NY 11542-1417

David Treinis
5986 Park Lane S., Unit 81
Park City, UT 84098-4245

Delta Natural Gas Company
P.O. Box 747108
Pittsburgh, PA 15274-7105

First Insurance Funding
450 Skokie Blvd., #1000
Northbrook, IL 60062-7917

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee FL 32314-6668

Frost Brown Todd LLC
P.O. Box 70087
Louisville, KY 40270-0087

Frost Brown Todd LLP -
Rebecca L. Sanders
400 W. Market Street
32nd Floor
Louisville, KY 40202-3359

GAMA
1400 K Street NW, Suite 801
Washington, DC 20005-2402

High Energy Sports
2040 Eastridge Ave. A7
Riverside, CA 92507-0761

Howard O. Thrall
c/o Stonebriar Strategy Group, LLC
5 Woodcreek Lane
Frisco, TX 75034-6865

IPFS Corporation of the South
1055 Broadway 11th Floor
Kansas City, MO 64105-2289

Internal Revenue Service
Post Office Box 7346
Philadelphia PA 19101-7346

| | | |
|---|---|---|
| Kentucky Association of Manufacturers<br>P.O. Box 4029<br>Frankfort, KY 40604-4029 | Kentucky Utilities<br>P.O. Box 25212<br>Lehigh Valley, PA 18002-5212 | Kentucky Utilities Company -<br>820 W. Broadway<br>Louisville  KY 40202-2218 |
| Larry Williams<br>c/o Robert K. Eddy, Esq.<br>320 W. Kennedy Blvd., #700<br>Tampa, FL 33606-1459 | Marcia LaVanway<br>5062 93rd Street North<br>St Petersburg, FL 33708-3922 | Marcia LaVanway<br>6582 Keigley St.<br>P.O. Box 143<br>Eau Claire, MI 49111-0143 |
| Marlin Business Bank<br>P.O. Box 13604<br>Philadelphia, PA 19101-3604 | Massachusetts Department of Revenue<br>Bankruptcy Unit<br>P O Box 7090<br>Boston, MA 02204-7090 | National Institute for Aviation Research<br>Wichita State University<br>1845 Fairmount St.<br>Wichita, KS 67260-0093 |
| National Labor Relations Board-Region 15<br>Attn:  General Attorney (Labor)<br>600 S. Maestri Place, 7th Floor<br>New Orleans, LA 70130-3414 | National Retirement Fund<br>c/o Amalgamated Employee Benefits Adm<br>333 Westchester Ave.<br>White Plains, NY 10604-2938 | Nicholasville Utilities<br>601 N. Main St.<br>Nicholasville, KY 40356-1070 |
| Orange County Tax Collector<br>PO Box 545100<br>Orlando FL 32854-5100 | PARACHUTE LABORATORIES, INC -<br>1665 LEXINGTON AVE STE 106<br>DELAND, FL 32724-2187 | Paradigm Parachute and Defense, Inc.<br>c/o Rilyn A. Carnahan, Esq.<br>Greenspoon Marder, LLP<br>525 Okeechobee Blvd., Suite 900<br>West Palm Beach, FL 33401-6306 |
| Pauley Management, Inc.<br>P.O. Box 321316<br>Cocoa Beach, FL 32932-1316 | Phone.com<br>P.O. Box 1808<br>Poway, CA 92074-1808 | Republic Services<br>National Accounts<br>P.O. Box 78829<br>Phoenix, AZ 85062-8829 |
| Richard Spencer<br>3459 Carrington Rd.<br>Delaplane, VA 20144-2005 | Richard Sugden<br>c/o Thomas Smits<br>P.O. Box 3377<br>Jackson, WY 83001-3377 | Space Exploration Technologies Corp.<br>c/o ArentFox Schiff LLP<br>Attn: George Angelich<br>1301 Avenue of the Americas, 42nd Floor<br>New York, NY 10019-6040 |
| Space Exploration Technologies Corp.<br>c/o ArentFox Schiff LLP<br>Attn: Mary Joanne Dowd, Esq.<br>1717 K Street NW<br>Washington, DC 20006-5344 | Spectrum<br>P.O. Box 1060<br>Carol Stream, IL 60132-1060 | U.S. Attorney<br>Attn: Civil Process Clerk<br>400 W. Washington St., #3100<br>Orlando, FL 32801-2203 |
| U.S. Small Business Administration<br>2 North 20th St., #320<br>Birmingham, AL 35203-4002 | Westmark Corporation -<br>PO BOX 98<br>42 INDUSTRIAL PARK ROAD<br>STERLING, CT 06377-1802 | Workers United, Southern Regional<br>Joint Board<br>1777 Phoenix Pkwy., #230<br>Atlanta, GA 30349-6316 |
| Workers United, Southern Regional<br>Joint Board<br>c/o Stanford Fagan, LLC<br>2540 Lakewood Ave.<br>Atlanta, GA 30315-6308 | Zodiac US Corporation<br>2201 W. Royal Lane, #150<br>Irving, TX 75063-3206 | Mary Joanne Dowd +<br>ArentFox Schiff<br>1717 K Street NW<br>Washington, DC 20006-5343 |

Robert K Eddy +
Eddy & Rothburd, PA
320 W. Kennedy Blvd., Suite 700
Tampa, FL 33606-1459

United States Trustee - ORL +
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Rilyn A Carnahan +
GreenspoonMarder
CityPlace Tower
525 Okeechobee Boulevard, Suite 900
West Palm Beach, FL 33401-6306

Daniel R Fogarty +
Stichter, Riedel, Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, FL 33602-4718

Scott E Bomkamp +
DOJ-Ust
United States Trustee
400 W. Washington St.
Ste 1100
Orlando, FL 32801-2440

L. Todd Budgen +
Budgen Law
Post Office Box 520546
Longwood, FL 32752-0546

Dov Y Frankel +
Taft, Stettinius & Hollister LLP
200 Public Square
Cleveland, OH 44114-2317

Kevin Arocha +
Bryan Cave Leighton Paisner LLP
1201 W. Peachtree St., N.W.
One Atlantic Center, 14th Floor
Atlanta, GA 30309-3471

Matthew Edward Stolz +
Cohen, Weiss and Simon LLP
909 3rd Ave
Ste 12th Floor
New York, NY 10022-4731

Michael Blair Schoenfeld +
Stanford Fagan LLC
2540 Lakewood Ave SW
Atlanta, GA 30315-6308

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Asgaard Capital LLC

(u)Paradigm Parachute and Defense, Inc.

(u)Southern Regional Joint Board, Workers Uni

(u)Space Exploration Technologies Corp.

(u)Stichter, Riedel, Blain & Postler, P.A.

(d)Marcia ˜LaVanway
6582 Keigley St.
P.O. Box 143
Eau Claire MI 49111-0143

(d)Zodiac US Corporation
c/o Kevin Arocha
Bryan Cave Leighton Paisner, LLP
1201 Peachtree St., 14th Floor
Atlanta, GA 30361-3503

(u)Note: Entries with a '+' at the end of the
name have an email address on file in CMECF
---------------------------------------------
Note: Entries with a '-' at the end of the
name have filed a claim in this case

End of Label Matrix
Mailable recipients    69
Bypassed recipients     8
Total                  77

# EXHIBIT A

4895-9113-8711, v. 2

## AGREEMENT

THIS AGREEMENT (this "**Agreement**"), dated as of December 22, 2023 ("**Agreement Date**"), is entered into between and among Pioneer Aerospace Corporation ("**Pioneer**") and Computer Services and Solution, Inc. ("**CSSI**") each referred to herein as a "**Party**" and collectively, as the "**Parties**." This Agreement shall be effective when approved by the Bankruptcy Court (the "**Approval Date**"), which the Parties will use their best efforts to obtain. If this Agreement is not approved by the Bankruptcy Court by January 31, 2024, it shall be null and void.

## BACKGROUND

A.      On November 1, 2023 (the "**Petition Date**"), Pioneer, S.E., Inc. ("**S.E.**"), and Aviation Safety Resources, Inc. filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division (the "**Bankruptcy Court**"), which cases and being jointly administered under Case No. 6:23-bk-4639-GER (the "**Bankruptcy Case**");

B.      CSSI is a party to that certain Client Service Agreement dated around July 1, 2022 with ASR-Pioneer, under which CSSI's services are billed monthly (approximately $25,000/month), in advance. A payment is due for December under the CSA. On or as soon as possible after the Agreement Date, the Debtors shall pay $25,000 to CSSI as the December payment.

C.      CSSI has sent a separate invoice for what it contends is outside of scope work for $42,509, in connection with services related to migration of data from servers maintained in Pioneer's Mississippi facility, which Pioneer contends were covered by an agreed-upon modification to the CSA, as well as being subject to other claims and defenses.

D.      In the Bankruptcy Case, Pioneer and S.E. sought, and ultimately obtained, approval to sell assets under two separate purchase agreements. On November 22, 2023, the Court entered its Order (I) Authorizing the Sale of Substantially all of the Debtor's Assets Relating to the Connecticut Location Pursuant to 11 U.S.C. § 363, Free and Clear of all Liens, Claims and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts (Doc. No. 73), and its Order Granting Debtors' Motion for Entry of an Order Authorizing (I) The Sale Of Substantially all of Their Assets Pursuant to 11 U.S.C. § 363, Free and Clear of all Liens, Claims and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts (Doc. No. 74) (together, the "**Sale Orders**"). Pioneer and S.E. closed on the sales under the Sale Orders on December 8, 2023 (the "**Closing Date**"), and have sold substantially all of their operating assets to the respective purchasers (the "**Purchasers**") under the Sale Orders.

E.      Under each of the asset purchase agreements approved under the Sale Orders, as modified, the purchasers had the option to take an assumption and assignment of certain executory contracts and unexpired leases (collectively, the "**Assumed Contracts**"), determine not to take an assignment of a particular executory contract or unexpired lease (collectively, the "**Excluded Contracts**"), or to delay the designation as to an executory contract or unexpired lease (collectively, the "**Delayed Designation Contracts**"). Each of the Purchasers has designated the CSA as a Delayed Designation Contract.

In consideration of the mutual covenants and agreements set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

<u>AGREEMENT</u>

1.      The foregoing Background is true and correct and incorporated herein by reference.

2.      CSSI shall continue to provide normal services under the CSA through December 31, 2023. Upon receipt of the Payment (defined below), CSSI agrees the services covered in the invoices for the move project are paid in full. CSSI will perform the additional projects (collectively, the "**Services**") as follows:

   a.   CSSI shall make and deliver three hard disk copies for the following file types of the Debtors' documents (subject to the media being provided to CSSI by the Debtors or buyers), to be produced in hard disk copies:

      i.    P-Drive Files. CSSI will coordinate with each individual Purchaser's IT contact to confirm the type of file copy, with the copies to be delivered as soon as reasonably practicable.

      ii.   PST files. Pioneer and the Purchasers will designate a list of email accounts for which PST files will be created, and for which email forwarding will be provided.

      iii.  XA Files. CSSI will initiate additional backups copies on tape (sequentially). CSSI will remotely do this work: work with Bloomfield staff to source and insert tape in drive, initiate backup, follow progress, check stats and report on results. Tape backups can be run one at a time, the system will be down during the backup and they take 6-12 hours and the system may take several hours to be back on online. CSI recommends running one per weekend, but are willing to run one per weeknight if the buyers desire and understand the uptime/downtime factors. In the three weeks CSSI has been involved with the XA system, tape backups have had an approximately process finish rate of 60%, so it may take multiple attempts to get three finished tape backups. CSSI will make up to 10 attempts with fresh tapes from Pioneer/ASR/Bloomfield stock; with such media to be provided to CSSI by December 31, 2023.

3.      CSSI will receive a single, one-time lump sum payment of **$35,000** (the "**Payment**") for Services, to be paid not later than three days after the Approval Date. The Payment will satisfy in full any amounts for any previous work previously invoiced for the Services.. The payment will be made by Pioneer to CSSI, and the reimbursement of Pioneer by the Purchasers shall be addressed separately.

4.      Pioneer will coordinate discussions between and among CSSI and the Purchasers regarding on-going services under the existing regular contract work following December 31, 2023; provided, however, that CSSI and the Purchasers may also engage in such discussions

2

directly. The CSA will be subject to assumption, renegotiation, or rejection consistent with the deadlines in the Purchase Agreements, including any delayed designation deadlines. The Payment set forth above will be treated as an Assumed Liability for the regular contract rate through December 31, 2023 for purposes of contribution to Pioneer from the Purchasers only – the Purchasers shall not be separately obligated to make payments for services before January 1, 2024 to CSSI directly. Any payments or services for regular contract work after December 31, 2023 shall be the sole responsibility of the Buyer(s), either as a Cure Claim should the CSA be assumed, or during the period of time under which the CSA is a Delayed Designation Contract as to either or both of the Buyers.

5.    <u>Releases</u>. As of the Agreement Date and contingent upon occurrence of the Approval Date, the Parties are deemed to have released one another (i.e. Pioneer in favor of CSSI and CSSI in favor of Pioneer), as well as the released party's or parties' respective principals, officers, employees, attorneys, and other agents from any claim of any kind, arising from the beginning of time to the Agreement Date, whether asserted or unasserted, whether known or unknown, whether real or imagined, whether meritorious or frivolous, whether fixed or contingent, whether liquidated or unliquidated, whether disputed or undisputed, whether secured or unsecured, <u>in</u> <u>rem</u> or <u>in</u> <u>personam</u>; *provided that*, (i) CSSI is entitled to file and maintain a general unsecured claim in the Bankruptcy Case for its set-up fee of less than $50,000 and a rejection damages claim (if any), and (ii) notwithstanding the generality of said mutual release, none of the Parties shall be released from the obligations arising under this Agreement.

6.    <u>Further Assurances</u>. Following the execution, each of the Parties hereto shall execute and deliver such additional documents, instruments, conveyances, and assurances, and take such further actions as may be reasonably required to carry out the provisions hereof and give effect to the transactions contemplated by this Agreement.

7.    <u>Miscellaneous</u>.

    a.  **Governing Law.**  The laws of the State of Florida shall govern the interpretation and enforcement of this Agreement. Venue for any and all aspects of any disputes or legal proceedings related to interpretation and/or enforcement of this Agreement shall be before the Bankruptcy Court. All Parties hereby submit and consent to the Bankruptcy Court's jurisdiction and power to interpret and enforce this Agreement and waive any defense of forum non conveniens.

    b.  **Interpretation of Agreement**.  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not for or against any of the Parties. This Agreement has been drafted by all of the Parties, so that the rule of construction in favor of the non-drafting party shall not apply.

    c.  <u>**No Admission**</u>. The Parties acknowledge and agree that this Agreement is a compromise of disputed claims, and no Party is admitting no fault or liability as to any matter in connection with any matter addressed herein.

d. **Cooperation.** The Parties agree to cooperate in the drafting, execution, and filing of all other documents reasonably necessary to effectuate the transactions contemplated by this Agreement, and shall use good faith best efforts to effectuate the transactions contemplated by this Agreement.

e. **Entire Agreement**. The Parties understand and agree that this Agreement sets forth the full and complete agreement of the Parties, that no statement or representation, other than those contained herein, have been made or relied upon by any of the Parties as an inducement for executing this Agreement.

f. **Prevailing Party Attorneys' Fees.** If any Party commences an action to enforce or interpret the terms of this Agreement, the prevailing Party in such action shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorney fees.

g. **Representation by Legal Counsel.** The Parties hereby acknowledge that they have, or have had the opportunity to, discuss this Agreement with legal counsel to explain this document, or have voluntarily chosen not to consult legal counsel. The Parties acknowledge that they understand all of the terms and conditions of this Agreement, that this is a final compromise and that they are voluntarily entering into this Agreement.

h. **No Other Assignment or Transfer**. The Parties represent and warrant to each other that at no time have they ever assigned, transferred, conveyed, hypothecated, pledged, or otherwise disposed of any of the claims that would otherwise be released under this Agreement.

i. **Execution in Counterparts**. This Agreement may be executed in counterparts and all counterparts so executed shall constitute one Agreement, which shall be binding on the Parties. All signatures of the Parties to this Agreement may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces and will be binding upon such Party.

j. **Authority to Bind**. The Parties each warrant that they have the authority to enter into and perform this Agreement.

k. **Specific Performance/Remedies.** The Parties understand and agree that money damages would be an insufficient remedy for any breach of this Agreement by any Party and each non-breaching Party shall be entitled to specific performance and injunctive or other equitable relief (including attorneys' fees and costs) as a remedy of any such breach, without the necessity of proving the inadequacy of money damages as a remedy.

l.   **Successors and Assigns**. The provisions of this Agreement shall be binding on the Parties and their successors, heirs, and assigns and shall inure to the benefit of the Parties and their successors and assigns, including but not limited to any Chapter 7 trustee for the Debtor.

m.   **Modification or Amendment**. This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties who executed this Agreement or their successors-in-interest.

n.   **Waiver**.  The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement.  In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

o.   **Severability**.  Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable.  In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder.

*[signature page(s) to follow]*

**Error! Unknown document property name.**

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed by their duly authorized representatives as of the day and year set forth above.

Pioneer Aerospace Corporation

_____

By:
Its:

Computer Services and Solution, Inc.

_____

By:
Its:

Error! Unknown document property name.

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                                              Chapter 11, Subchapter V

AVIATION SAFETY RESOURCES, INC.,          Case No. 6:23-bk-4639-GER
S.E., INC.,                                                        Case No. 6:23-bk-4641-GER
PIONEER AEROSPACE CORPORATION        Case No. 6:23-bk-4643-GER

    Debtors.                                              *Jointly Administered Under*
_____/          *Case No. 623-bk-4639-GER*

PIONEER AEROSPACE CORPORATION         Case No. 6:23-bk-4643-GER

    Applicable Debtor.
_____/

### ORDER GRANTING DEBTOR'S MOTION TO APPROVE COMPROMISE WITH COMPUTER SERVICES AND SOLUTIONS, INC.

THIS CASE came before the Court for consideration of the *Motion to Approve Compromise with Computer Services and Solutions, Inc.* (Doc. No. **) (the "**Motion**")[1]. The Court finds that under the circumstances of this case, due and sufficient notice of the Motion was provided to parties, and that such notice was adequate and appropriate in the current circumstances of this Chapter 11 case as contemplated by the Bankruptcy Code, the Bankruptcy Rules, and the

---

[1] Unless otherwise defined herein, capitalized terms have the same meanings ascribed to them in the Motion.

Local Rules of this Court.  Therefore, any requests for other and further notice shall be and hereby are dispensed with and waived, and no other or further notice is necessary.  Accordingly, it is

**ORDERED** that:

1.      The Motion is granted.

2.      The Parties shall take any and all actions necessary to consummate the Settlement Agreement.

3.      Notwithstanding Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the effectiveness of this Order shall not be stayed for 14 days after entry on the docket and shall be effective and enforceable immediately upon entry.

4.      This Court retains jurisdiction over any matter or dispute arising from or relating to the implementation and/or enforcement of the Settlement and this Order.

*Attorney Daniel R. Fogarty is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the Order.*