**ORDERED.**

**Dated: December 19, 2024**

*Grace E. Robson*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11, Subchapter V |
| AVIATION SAFETY RESOURCES, INC., | Case No. 6:23-bk-04639-GER |
| S.E., INC. D/B/A STRONG ENTERPRISES, | Case No. 6:23-bk-04641-GER |
| PIONEER AEROSPACE CORPORATION | Case No. 6:23-bk-04643-GER |
| D/B/A ASR-PIONEER | |
| | *Jointly Administered under* |
| Debtors. | *Case No. 6:23-bk-04639-GER* |

**ORDER ESTABLISHING PROCEDURES FOR
LIQUIDATING AGENT'S MOTION FOR DETERMINATION
OF EMPLOYEE RETENTION CREDIT REFUND CLAIMS MADE BY THE DEBTORS**

THIS CASE came on for hearing on December 12, 2024, at 10:00 a.m. on the *Liquidating Agent's Motion for Determination of Employee Retention Credit Refund Claims Made by the Debtors* (Doc. No. 380) (the "**Motion**").[1] By the Motion, Bearjack, LLC, the Liquidating Agent (the "**Liquidating Agent**") under the Debtors' confirmed plan, requests that the Court, under § 505(a) of the Bankruptcy Code, determine the amount and legality of the refund claims made by the Debtors prior to the filing of these cases under the COVID-era Employee Retention Credit, also known as the Employee Retention Tax Credit. The Motion

---

[1] Capitalized terms shall have the meaning set forth in the motion.

requested that the Court establish procedures for the prompt determination, including but not limited to a response deadline. The Court, having considered the Motion, the relief requested therein finds that the Motion should be set for an evidentiary hearing, and that preliminary deadline should be established in connection with the hearing. Accordingly, it is hereby

**ORDERED**:

1. The Court shall conduct an evidentiary hearing on the Motion on **February 6, 2025 at 1:30 p.m.** (the "**Evidentiary Hearing**"). The Court will enter a separate order establishing certain deadlines for the Evidentiary Hearing.

2. At the Evidentiary Hearing, the Court will consider the amount of the refund claims and refundable credits due and owing the Debtors' estates under the Employee Retention Credit, also known as the Employee Retention Tax Credit (the "**Refund Claims**"). If the Court determines that the Refund Claims are owed in any amount, the Court will grant such relief as is necessary to ensure that such amounts are paid for purposes of distributions by the Liquidating Agent under the Plan.

3. The Internal Revenue Service shall file any response or objection to the Motion or the Refund Claims on or before **Monday, January 13, 2025**. The response shall state the basis for the dispute of the Refund Claims, and the amount of the Refund Claims that are undisputed, and what if any other substantive issues would need to be determined by the Court as to the entitlement and amount of the refund claims.

4. In addition to complying with any deadlines in the Court's scheduling order for the Evidentiary Hearing, not later than **Monday, January 30, 2025**, the Liquidating Agent shall file a supporting declaration or declarations as to the estates' entitlements to the Refund Claims.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or

related to the implementation of this Order.

*Attorney Daniel R. Fogarty is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within 3 days of entry of the order.*

4916-8201-9334, v. 1