**ORDERED.**

**Dated: February 12, 2025**

*Grace E. Robson*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11, Subchapter V |
| AVIATION SAFETY RESOURCES, INC., | Case No. 6:23-bk-04639-GER |
| S.E., INC. D/B/A STRONG ENTERPRISES, | Case No. 6:23-bk-04641-GER |
| PIONEER AEROSPACE CORPORATION | Case No. 6:23-bk-04643-GER |
| D/B/A ASR-PIONEER, | |
| | *Jointly Administered under* |
| Debtors. | *Case No. 6:23-bk-04639-GER* |

**ORDER (1) GRANTING LIQUIDATING AGENT'S MOTION FOR DETERMINATION OF EMPLOYEE RETENTION CREDIT REFUND CLAIMS MADE BY THE DEBTORS AND (2) DIRECTING PAYMENT OF REFUND CLAIMS**

THIS CASE came on for an evidentiary hearing on **February 6, 2025 at 1:30 p.m.** (the "**Evidentiary Hearing**") on the *Liquidating Agent's Motion for Determination of Employee Retention Credit Refund Claims Made by the Debtors* (Doc. No. 380) (the "**Motion**")[1] filed on November 12, 2024 by Bearjack, LLC, the Liquidating Agent under the Debtors' confirmed plan (the "**Liquidating Agent**"). The Liquidating Agent requests that the Court exercise its discretion

---

[1] Capitalized terms shall have the meaning set forth in the Motion.

under 11 U.S.C. § 505(a) to determine the amount and legality of the claims made by the Debtors under the COVID-era Employee Retention Credit (the "**ERC**").[2]

The Court FINDS, CONCLUDES, AND DETERMINES as follows:

A.  Following a preliminary hearing conducted on December 12, 2024, the Court entered its *Order Establishing Procedures for Liquidating Agent's Motion for Determination of Employee Retention Credit Refund Claims Made by the Debtors* (Doc. No. 401) (the "**Procedures Order**") as well as the *Order (1) Scheduling Trial and (2) Directing Parties and Witnesses to Appear in Person* (Doc. No. 402) (the "**Trial Order**") which scheduled the Evidentiary Hearing and established procedures and deadlines for the prompt determination of the ERC.

B.  The Procedures Order provided notice that the Court would consider the amount of the refund claims and refundable credits due and owing the Debtors' estates under the ERC (the "**Refund Claims**").

C.  The Procedures Order also set a deadline of January 13, 2025 for the Internal Revenue Service (the "**IRS**") to file any response or objection to the Motion or the Refund Claims, and directed the Liquidating Agent to file a supporting declaration or declarations as to the estates' entitlement to the Refund Claims not later than January 30, 2025.

D.  The Motion, the *Notice of Preliminary Hearing* (Doc. No. 384), the Procedures Order, and the Trial Order were served on the IRS at the designated address for mailing notices and requests, the Attorney General of the United States, and the Orlando Office of the United States Attorney. *See* Doc. Nos. 380, 384, 403.

---

[2] The Employee Retention Credit is also known as the Employee Retention Tax Credit and is a refundable tax credit available to eligible businesses and tax-exempt organizations. *See* IRS, *Frequently Asked Questions About the Employee Retention Credit*, https://www.irs.gov/coronavirus/frequently-asked-questions-about-the-employee-retention-credit#:~:text=The%20Employee%20Retention%20Credit%20(ERC,businesses%20and%20tax%2Dexempt%20organizations.

E.      Prior to the Evidentiary Hearing, in accordance with the Procedures Order and the Trial Order, the Liquidating Agent filed its witness list (Doc. No. 405), expert designations (Doc. No. 407), declarations in support of the Motion (Doc. No. 414) (the "**Declarations**"), and exhibits for trial (Doc. No. 415) (the "**Exhibits**").

F.      The IRS did not appear at the previously conducted preliminary hearing, did not file a response or any filings required by the Procedures Order and the Trial Order, and did not attend the Evidentiary Hearing.

G.      At the Evidentiary Hearing, the Liquidating Agent announced that the refund claim made by S.E., Inc. for the 2nd Quarter 2020 (Exhibit 9) was or would be withdrawn. The Court considered the Motion as to the remaining Refund Claims, identified at Exhibit 4-8 of the Exhibits.

H.      At the Evidentiary Hearing, the Court considered the Declarations, which were accepted as direct examination testimony, the Exhibits, which were admitted without objection, and the in-person testimony of Erik Oram, CPA.

I.      The Court concludes Debtors are entitled to a determination of the amount and allowance as to the estates' entitlements to the Refund Claims.

J.      Based on the evidence adduced at the Evidentiary Hearing, the Court finds that the Debtors are entitled to the ERC Refund Claims, in the amounts as listed on **Exhibit A** (collectively, the "**Refund Amounts**").

Accordingly, it is

**ORDERED**:

1.      The Motion (Doc. No. 380) is **GRANTED**.

2.      **Within 30 days from the entry of this Order**, the IRS shall pay the Refund Amounts for each respective Debtor, plus statutory interest if applicable and at the rate applicable

under non-bankruptcy law as to refund claims, to "Bearjack, LLC, Liquidating Agent", whose address is 241 Black Rock Turnpike, Redding, CT 06896-2103.

3.     This Order shall be enforceable as a final judgment without separate order or judgment by the Court.

4.     The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Attorney Daniel R. Fogarty is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and to file a proof of service within 3 days of entry of the Order.

## Exhibit A

| Debtor | Quarter | Refund Claim Amount | Exhibit # |
|---|---|---|---|
| Pioneer | Q1 2021 | $ 599,385.86 | 4 |
| | Q2 2021 | $ 535,909.38 | 5 |
| **Total Pioneer** | | **$ 1,135,295.24** | |
| | | | |
| ASR | Q2 2020 | $ 23,627.00 | 6 |
| | Q3 2021 | $ 62,725.82 | 7 |
| **Total ASR** | | **$ 86,352.82** | |
| | | | |
| Strong | Q3 2021 | $ 108,240.71 | 8 |
| | Q2 2020 | 0 | 9 |
| **Total Strong** | | **$ 108,240.71** | |
| | | | |
| **Total Refund Claim Amounts** | | **$ 1,329,888.77** | |